1  JOANNA L. BROOKS (State Bar #182986)
   TIMOTHY C. TRAVELSTEAD (State Bar #215260)
2  DOUGLAS M. BRIA (State Bar # 230272)
   JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, CA  94105
4  Telephone     415.394.9400
   Facsimile:     415.394.9401
5  brooksj@jacksonlewis.com

6  Attorneys for Defendant
   PEROT SYSTEMS CORPORATION, a Delaware
7  corporation

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  ANGELITA GOMEZ, individually, and on behalf of all others similarly situated, | Case No. CV 08-3337 SC |
| 12                    Plaintiff, | **CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT** |
| 13         v. | |
| 14  PEROT SYSTEMS CORPORATION, a Delaware Corporation; and DOES 1 to 50, | |
| 15 | |
| 16                    Defendants. | |

17

18         I, Linda A. Moore, declare that I am employed with the law firm of Jackson Lewis LLP,

19  whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

20  age of eighteen (18) years and am not a party to this action.

21         On July 10, 2008 I served the attached document(s):

22              **NOTICE TO ADVERSE PARTIES OF REMOVAL TO
                FEDERAL COURT**
23

24  in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed

25  as follows:

26  ///

27  ///

28  ///

                              1

1

2   Jonathan E. Gertler, Esq.                         Todd M. Schneider, Esq.
    Joseph R. Igelmund, Esq.                          Christian Schreiber, Esq.
3   Chavez & Gertler LLP                              Joshua G. Konecky, Esq.
    42 Miller Avenue                                  Schneider Wallace Cottrell Brayton
    Mill Valley, CA  94941                                 Konecky LLP
4   Telephone:    415.381.5599                        180 Montgomery Street, Suite 2000
    Facsimile:    415.381.5572                        San Francisco, CA  94104
5   **By Overnight Delivery**                         Telephone:    415.421.7100
                                                      Facsimile:    415.421.7105
6                                                     **By Overnight Delivery**

7   Ricardo De Rosa, Esq.
    Law Offices of Ricardo De Rosa
8   6640 Brook Falls Circle
    Stockton, CA  95219
9   Telephone:    209.345.7077
    Facsimile:    209.476.0443
10  **By Overnight Delivery**

11

12  [  ]    <u>BY MAIL</u>:  United States Postal Service by placing sealed envelopes with the postage
            thereon fully prepaid, placed for collection and mailing on this date, following ordinary
13          business practices, in the United States mail at San Francisco, California.

14  [  ]    <u>BY HAND DELIVERY</u>:  I caused such envelope(s) to be delivered by Messenger Service
            to the above address.

15  [ X ]   <u>BY OVERNIGHT DELIVERY</u>:  I caused such envelope(s) to be delivered to the above
            address within 24 hours by OVERNIGHT EXPRESS service.
16

17  [  ]    <u>BY FACSIMILE</u>:  I caused such documents to be transmitted by facsimile to the
            telephone number(s) indicated above.

18          I declare under penalty of perjury under the laws of the United States that the above is true

19  and correct.

20          Executed on July 11, 2008, at San Francisco, California.

21

22                                              _Linda A. Moore_
                                                LINDA A. MOORE
23

24

25

26

27

28

2

CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTIES OF REMOVAL          CV 08-3337 SC

JOANNA L. BROOKS (State Bar No. 182986)
TIMOTHY C. TRAVELSTEAD (State Bar No. 215260)
DOUGLAS M. BRIA (State Bar No. 226966)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone:    415.394.9400
Facsimile:    415.394.9401

Attorneys for Defendant
PEROT SYSTEMS CORPORATION

**ENDORSED**
**FILED**
ALAMEDA COUNTY

JUL 1 0 2008

CLERK OF THE SUPERIOR COURT
By _____ S. Halcrombe _____
                                    Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA – UNLIMITED JURISDICTION

ANGELITA GOMEZ, individually, and on
behalf of all others similarly situated,

                    Plaintiff,

         v.

PEROT SYSTEMS CORPORATION, a
Delaware Corporation, and DOES 1 to 50,

                    Defendants.

Case No. RG 08389410

**NOTICE TO ADVERSE PARTIES OF
REMOVAL TO FEDERAL COURT**

Complaint Filed:    May 27, 2008
Trial Date:         None Set

**BY FAX**

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTE THAT a Notice of Removal of this action was filed in the United

States District Court for the Northern District of California on July 10, 2008.  A copy of said

Notice of Removal is attached to this Notice, and is served and filed herewith.

Dated:  July 10, 2008

                    JACKSON LEWIS LLP

                    By: _____
                         JoAnna L. Brooks
                         Timothy C. Travelstead
                         Douglas M. Bria
                         Attorneys for Defendant
                         PEROT SYSTEMS CORPORATION,
                         a Delaware Corporation

1

1

## PROOF OF SERVICE

2          I, Linda A. Moore, declare that I am employed with the law firm of Jackson Lewis LLP,

3    whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

4    age of eighteen (18) years and am not a party to this action.

5          On July 10, 2008, I served the attached document(s):

6          **NOTICE TO ADVERSE PARTIES OF REMOVAL TO**
           **FEDERAL COURT**

7

8    in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed

9    as follows:

10   Jonathan E. Gertler, Esq.                    Todd M. Schneider, Esq.
     Joseph R. Igelmund, Esq.                     Christian Schreiber, Esq.
11   Chavez & Gertler LLP                         Joshua G. Konecky, Esq.
12   42 Miller Avenue                             Schneider Wallace Cottrell Brayton
     Mill Valley, CA 94941                            Konecky LLP
13   Telephone:    415.381.5599                   180 Montgomery Street, Suite 2000
     Facsimile:    415.381.5572                   San Francisco, CA 94104
14   **By Overnight Delivery**                    Telephone:    415.421.7100
                                                  Facsimile:    415.421.7105
15                                                **By Overnight Delivery**

16   Ricardo De Rosa, Esq.
17   Law Offices of Ricardo De Rosa
     6640 Brook Falls Circle
18   Stockton, CA 95219
     Telephone:    209.345.7077
19   Facsimile:    209.476.0443
     **By Overnight Delivery**
20

21   [ ]   <u>BY MAIL</u>:  United States Postal Service -  by placing sealed envelopes with the postage
22         thereon fully prepaid, placed for collection and mailing on this date, following ordinary
           business practices, in the United States mail at San Francisco, California.

23   [ ]   <u>BY HAND DELIVERY</u>: I caused such envelope(s) to be delivered by Messenger Service
24         to the above address.

25   [ X ] <u>BY OVERNIGHT DELIVERY</u>: I caused such envelope(s) to be delivered to the above
           address within 24 hours by OVERNIGHT EXPRESS service.

26   [ ]   <u>BY FACSIMILE</u>:  I caused such documents to be transmitted by facsimile to the
27         telephone number(s) indicated above.

28         I declare under penalty of perjury under the laws of the State of California that the above

---

2

1    is true and correct.

2       Executed on July 10, 2008, at San Francisco, California.

3

4                                     _____
                                            LINDA A. MOORE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT       Case No. RG 08389410

COPY

1   JOANNA L. BROOKS (State Bar #182986)
    TIMOTHY C. TRAVELSTEAD (State Bar #215260)
2   DOUGLAS M. BRIA (State Bar #226966)
    JACKSON LEWIS LLP
3   199 Fremont Street, 10th Floor
    San Francisco, CA 94105
4   Telephone    415.394.9400
    Facsimile:    415.394.9401
5   brooksj@jacksonlewis.com

6   Attorneys for Defendant
    PEROT SYSTEMS CORPORATION
7

E-filing

ORIGINAL FILED

JUL 10 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11  ANGELITA GOMEZ, individually, and on      CV 08  Case No.  3337
    behalf of all others similarly situated,                              SC

12                     Plaintiff,            NOTICE OF REMOVAL OF CIVIL
                                             ACTION TO THE UNITED STATES
13         v.                                DISTRICT COURT FOR THE
                                             NORTHERN DISTRICT OF
14  PEROT SYSTEMS CORPORATION, a             CALIFORNIA PURSUANT TO 28
    Delaware Corporation; and DOES 1 to 50,  U.S.C. SECTIONS 1332, 1441 AND 1446
15                                           [CAFA DIVERSITY]
                       Defendants.
16                                           (Filed in conjunction with Certificate of
                                             Service of Notice to Adverse Parties and
17                                           Notice of Pendency of Other Action or
                                             Proceeding)
18

19  TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR

20      THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF ANGELITA GOMEZ

21                AND TO HER ATTORNEYS OF RECORD:

22

23         PLEASE TAKE NOTICE:  Defendant Perot Systems Corporation ("Perot

24  Systems") hereby removes this action from the Superior Court of the State of California for the

25  County of Alameda to the United States District Court for the Northern District of California,

26  pursuant to 28 U.S.C. sections 1332 (as amended by the Class Action Fairness Act of 2005, Pub.

27  L. 109-2, section 4(a) ("CAFA")), 1441(a) and (b) and 1446, for the following reasons:

28         1.      On May 27, 2008, Plaintiff Angelita Gomez ("Plaintiff") filed her class

                                         1

1   action complaint in the Superior Court of the State of California, County of Alameda, designated

2   as Case No. RG 08389410 ("Complaint"). The Complaint alleged the following five (5) causes

3   of action against Perot Systems and Does 1 through 50: (1) failure to pay overtime in violation of

4   California Labor Code sections 510 and 1194; (2) failure to pay wages for time spent on-call in

5   violation of California Labor Code sections 204 and 218; (3) penalties under California Labor

6   Code section 203 for failure to pay all wages owed on termination of employment ("Waiting-

7   Time Penalties"); (4) failure to provide an itemized wage statement in violation of California

8   Labor Code section 226; and (5) violation of California Business and Professions Code section

9   17200 *et seq.*

10          2.      On June 13, 2008, Perot Systems was served with the Summons and

11  Complaint, when it was delivered to Perot Systems' agent for service of process.[1]

12          3.      This Notice of Removal is timely because it is being filed within thirty (30)

13  days of service of the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

14          4.      The Summons and Complaint, as well as the notices and orders collectively

15  attached as Exhibit "A," constitute all process, pleadings and orders served on Perot Systems in

16  this action pursuant to 28 U.S.C. section 1446(a).

17          5.      In accordance with 28 U.S.C. section 1446(d), the undersigned counsel

18  certifies that a copy of this Notice of Removal and all supporting papers promptly will be served

19  on Plaintiff's counsel and filed with the Clerk of the Alameda County Superior Court. True and

20  correct copies of the form of such notices are attached hereto as Exhibit "B." Therefore, all

21  procedural requirements under 28 U.S.C. section 1446 have been satisfied.

22          6.      Venue of this action lies in the United States District Court for the

23  Northern District of California pursuant to 28 U.S.C. sections 1441, *et seq.* and 1391(a) because

24  this is the judicial district of this Court in which the action arose, where Plaintiff resides and

25  where the causes of action arose.

26  _____

[1]      Perot Systems received the complaint with a notice of acknowledgement form on June 10,
27  2008. On July 14, 2008, prior to the deadline for return of the notice of acknowledgment, Gomez
served Perot Systems by personal service. The removal period runs from the date of service of
28  the summons and complaint. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.
344, 354 (1999).

1

## REMOVAL BASED ON DIVERSITY AND CLASS ACTION FAIRNESS ACT OF 2005

### (28 U.S.C. sections 1332(a) and (d))

7.    The Complaint is pleaded as a putative class action by which Plaintiff seeks to represent "all current and former non-exempt employees of Perot Systems in California who worked on-call at any time in the four years preceding the filing of this action to the final resolution of this action."  (Complaint ¶ 7.)

8.    Perot Systems properly may remove the Complaint on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. section 1332(a) or 28 U.S.C section 1332(d)(2), because:

a.    Plaintiff now is, and was at the time this action was commenced, a citizen of the State of California within the meaning of 28 U.S.C. section 1332(a).  (Complaint ¶ 3.)

b.    Perot Systems now is, and was at the time this action was commenced, a citizen of the State of Delaware within the meaning of section 1332(c)(1), because it now is, and was at all times, incorporated under the laws of that state of Delaware.  (Complaint ¶ 4.)

c.    Perot Systems also now is, and was at the time this action was commenced, a citizen of the State of Texas within the meaning of section 1332(c)(1), because Perot Systems' executive and administrative functions primarily are performed in the State of Texas and a substantial predominance of its corporate operations do not take place in California or any other state in which it conducts operations.

d.    Perot Systems is not now, nor was at the time this action was commenced, a citizen of the State of California within the meaning of section 1332(c) because it is not and was not incorporated in California and its principal place of business is not and was not in California.

e.    The presence of Doe defendants has no bearing on the diversity with respect to removal.  *See* 28 U.S.C. section 1441(a) ("For purposes of removal under this

3

1   Chapter, the citizenship of defendants used under a fictitious name shall be disregarded.")

2   Defendant is not aware of any Doe Defendant having been served with a copy of the Summons

3   and Complaint; and

4                        f.      Without admitting that Plaintiff or the purported class could recover

5   any damages, the amount in controversy in this action for which Plaintiff asserts a four year

6   liability period exceeds: (i) $75,000 for the named Plaintiff herself; and (ii) $5,000,000.00,

7   exclusive of interest and costs, for the members of the putative class, based on the following

8   grounds:

9                        i.      *Plaintiff's Amount in Controversy Exceeds $75,000.*

10                              1.      First and Second Causes of Action.

11                                      a.      Plaintiff's first and second causes of action

12  seek damages for allegedly unpaid wages and overtime based on Plaintiff's time spent

13  "on-call" – i.e. as the primary contact during off hours for certain types of client

14  technology concerns.  During her employment, Plaintiff served as the primary contact for

15  certain Perot Systems Corporation clients for approximately one week of every month.

16  Plaintiff alleges the time she served as the primary contact should have been included as

17  time worked and compensated accordingly.

18                                      b.      Plaintiff worked for Perot Systems

19  Corporation in California from the beginning of the purported class period (four years

20  prior to the filing of the Complaint -- May 27, 2004) until February 16, 2007, a period of

21  approximately 142 weeks.  During that time, defendant estimates Plaintiff served as the

22  primary contact approximately one week a month, or 23.1% of her workweeks (12 weeks

23  a year DIVIDED BY 52 weeks in a year = 23.1%).  Therefore, Plaintiff's first and second

24  causes of action seek compensation for serving as primary service contact for

25  approximately 33 weeks (142 weeks TIMES 23.1% of weeks spent as primary contact).

26                                      c.      Plaintiff was regularly scheduled to work 40

27  hours a week, and was paid for each of those 40 hours.

28                                      d.      When Plaintiff served as the primary contact,

4

1    she was paid for all time actually worked, but not for the remainder of the time she served

2    as primary contact. Putting aside the hours Plaintiff was already paid for, given that there

3    are 168 hours in a week, and given Plaintiff was compensated for the 40 hours of her

4    standard work schedule, Defendant estimates Plaintiff seeks damages for 128 hours for

5    each week Plaintiff served as primary contact. With approximately 33 weeks as the

6    primary contact, Plaintiff's wage and overtime causes of action seek damages for

7    approximately 4,200 hours of uncompensated time spent as the primary contact.

8                    e.        During the class period, Plaintiff's hourly

9    rate of pay was never lower than $26.28. Because the on-call hours are all in excess of the

10    regularly scheduled 40-hour workweek, Plaintiff's claim involves premium overtime

11    claims. Without conceding Plaintiff is entitled to recover any damages, Plaintiff's wage

12    claims therefore involve an amount in controversy of at least $165,564 (4,200 hours

13    TIMES $26.28 per hour TIMES 1.5).

14                          2.    Third Cause of Action.

15                    a.        Plaintiff's third cause of action seeks

16    waiting-time penalties under California Labor Code section 203. Section 203 provides

17    that any employee who does not receive all wages owed at the end of employment in

18    accordance with the law is entitled to a penalty equal to one day's pay at the final rate of

19    pay, continuing for a maximum of thirty days. Because Plaintiff's employment ended

20    more than thirty days ago, she seeks waiting-time penalties of at least $7,361 ($30.67 per

21    hour TIMES 8 hours a day TIMES 30 days.)

22                          3.    Fourth Cause of Action.

23                    a.        Plaintiff's fourth cause of action alleges

24    Perot Systems Corporation failed to provide accurate wage statements. California Labor

25    Code section 226 subdivision (e) provides employees are entitled to receive either actual

26    damages or $50 for the first inaccurate wage statement and $100 for each subsequent

27    inaccurate wage statement, up to a maximum of $4,000 per employee.

28                    b.        Plaintiff received at approximately 95

                                            5

1    paychecks for the three-year period preceding the filing of the complaint. The amount in

2    controversy for Plaintiff's fourth cause of action is therefore $4,000.

3              4.    Total Amount in Controversy. Without conceding

4    Plaintiff is entitled to recover any damages, based on the foregoing the named Plaintiff's claims

5    in this action have an amount in controversy of approximately $176,925.

6              5.    *Class Amount in Controversy Exceeds $5,000,000.*

7                    a.    The complaint seeks to pursue these claims

8    as a class action on behalf of "all current and former non-exempt employees of PEROT

9    SYSTEMS in California who worked on-call time at any time in the four years preceding

10   the filing of this action." (Compl. ¶ 7.)

11                   b.    There are at least 100 non-exempt employees

12   in California identified as the primary contact person during off-hours ("on-call") during

13   the four years preceding the filing of the complaint, and those persons served a the

14   primary contact person, on average, for at least 12 weeks during the class period.

15   Therefore at least 1,200 "on-call" weeks are at issue for the putative class.

16                   c.    These 100 putative class members regular

17   work schedule generally included 40 hours in a week. Given that there are a total of 168

18   hours in a week, this leaves 128 hours a week of "on-call" time for each week at issue

19   (168 Hours in a week MINUS 40 Hours Worked). Therefore, for the putative class, there

20   are at least 153,600 "on-call" hours (1,200 "on-call" weeks TIMES 128 "on-call" hours

21   per week) at issue in the case.

22                   d.    The average hourly rate for the 100 persons

23   known to be in the putative class is at least $25 per hour. Because the "on-call" hours are

24   all in excess of the regularly scheduled 40-hour workweek, Plaintiff's claim involves

25   premium overtime claims. Without conceding the putative class is entitled to recover any

26   damages, the amount in controversy for the putative class is at least $5,760,000 (153,600

27   Hours TIMES $25 per hour TIMES 1.5.)

28         9.    The Court may not decline to exercise jurisdiction over the action pursuant

1  to 28 U.S.C. sections 1332(d)(3), because Perot Systems is not a citizen of the state in which the

2  action was filed.

3

4      **WHEREFORE,** Perot Systems removes the above-entitled action now pending in the

5  Superior Court of the State of California for the County of Alameda to this Court.

6

7  Dated: July 10, 2008

8                                              JACKSON LEWIS LLP

9

10                                         By:

                                              JoAnna L. Brooks
11                                            Timothy C. Travelstead
                                              Douglas M. Bria
12                                            Attorney for Defendant
                                              PEROT SYSTEMS CORPORATION,
13                                            a Delaware Corporation

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              7

1

## PROOF OF SERVICE

2      I, Linda Moore, declare that I am employed with the law firm of Jackson Lewis LLP,

3  whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

4  age of eighteen (18) years and am not a party to this action.

5      On July 10, 2008, I served the attached document(s):

6      NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT
   COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C.
7  SECTIONS 1332, 1441 AND 1446 [CAFA DIVERSITY]

8  in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed

9  as follows:

10  Jonathan E. Gertler, Esq.                         Todd M. Schneider, Esq.
    Joseph R. Igelmund, Esq.                          Joshua G. Konecky, Esq.
11  Chavez & Gertler LLP                              Schneider & Wallace
    42 Miller Avenue                                  180 Montgomery Street, Suite 2000
12  Mill Valley, CA  94941                            San Francisco, CA  94104
    Telephone:    415.381.5599                        Telephone:    415.421.7100
13  Facsimile:     415.381.5572                       Facsimile:     415.421.7105
    **By Overnight Delivery**                         **By Overnight Delivery**
14
    Ricardo De Rosa, Esq.
15  Law Offices of Ricardo De Rosa
    6640 Brook Falls Circle
16  Stockton, CA  95219
    Telephone:    209.345.7077
17  Facsimile:     209.476.0443
    **By Overnight Delivery**
18

19  [  ]   BY MAIL: United States Postal Service - by placing sealed envelopes with the postage
           thereon fully prepaid, placed for collection and mailing on this date, following ordinary
20         business practices, in the United States mail at San Francisco, California.

21  [ X ]  BY HAND DELIVERY: I caused such envelope(s) to be delivered by Messenger Service
           to the above address[es].
22
    [ X ]  BY OVERNIGHT DELIVERY: I caused such envelope(s) to be delivered to the above
23         address within 24 hours by OVERNIGHT EXPRESS service.

24  [  ]   BY FACSIMILE: I caused such documents to be transmitted by facsimile to the
           telephone number(s) indicated above.
25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL

1        I declare under penalty of perjury under the laws of the State of California that the above

2    is true and correct.

3        Executed on July *6*, 2008 at San Francisco, California.

4

5

6                           LINDA A. MOORE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  JOANNA L. BROOKS (State Bar #182986)
   TIMOTHY C. TRAVELSTEAD (State Bar #215260)
2  DOUGLAS M. BRIA (State Bar # 226966)
   JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, CA 94105
4  Telephone     415.394.9400
   Facsimile:     415.394.9401
5  brooksj@jacksonlewis.com

6  Attorneys for Defendant
   PEROT SYSTEMS CORPORATION
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 | ANGELITA GOMEZ, individually, and on   | Case No.:
      behalf of all others similarly situated,
12 |                                        | **INDEX OF EXHIBITS IN SUPPORT**
                                              **OF NOTICE OF REMOVAL OF CIVIL**
13 |          Plaintiff,                    | **ACTION TO THE UNITED STATES**
                                              **DISTRICT COURT FOR THE**
14 |     v.                                 | **NORTHERN DISTRICT OF**
                                              **CALIFORNIA PURSUANT TO 28**
15 | PEROT SYSTEMS CORPORATION, a           | **U.S.C. SECTIONS 1332, 1441 AND 1446**
      Delaware Corporation; and DOES 1 to 50, | **[CAFA DIVERSITY]**
16 |                                        |
          Defendants.                          (Filed in conjunction with Notice of
17 |                                        | Removal)

18

19 Exhibit A:

20 True and correct copies of Summons and Complaint, as well as the collective notices and orders,
   as follows:
21

22        1.    A true and correct copy of the Complaint for Business Tort/Unfair Business
                Practice, filed on May 27, 2008;
23        2.    A true and correct copy of the Summons on Complaint Issued and Filed, dated
24              May 27, 2008;

25        3.    A true and correct copy of the Proof of Service of Summons, and Complaint, etc.,
                dated June 13, 2008;
26        4.    A true and correct copy of Alameda County Superior Court's Alternative Dispute
                Resolution Package;
27

28 ///

                                        1

1

2    5.    A true and correct copy of the Alameda County Superior Court's Notice of
           Complex Determination Hearing and Case Management Conference, dated May
3          29, 2008;

4    6.    A true and correct copy of the Notice and Acknowledgement of Receipt – Civil,
           dated June 10, 2008;

5    7.    A true and correct copy of Plaintiff's Proof of Service of Documents numbered 1-6
           above; and

6

7    8.    A true and correct copy of Defendant's Answer to Plaintiff's Unverified Class
           Action Complaint, filed on July 9, 2008.

8

9    Exhibit B:

10   A true and correct copy of the Notice to Adverse Parties of Removal to Federal Court.

11

12   Dated:  July 10, 2008

13                                          JACKSON LEWIS LLP

14
                                            By:
15                                              JoAnna L. Brooks
                                                Timothy C. Travelstead
16                                              Douglas M. Bria
                                                Attorney for Defendant
17                                              PEROT SYSTEMS CORPORATION,
                                                a Delaware Corporation
18

19

20

21

22

23

24

25

26

27

28

                                            2
           ─────────────────────────────────────────────────────
                    INDEX OF EXHIBITS IN SUPPORT OF NOTICE OF REMOVAL

1

## PROOF OF SERVICE

2      I, Linda A. Moore, declare that I am employed with the law firm of Jackson Lewis LLP,

3  whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

4  age of eighteen (18) years and am not a party to this action.

5      On July 10, 2008, I served the attached document(s):

6      **INDEX OF EXHIBITS IN SUPPORT OF NOTICE OF REMOVAL OF
CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE**
7  **NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C.
SECTIONS 1332, 1441 AND 1446 [CAFA DIVERSITY]**
8

9  in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed

10  as follows:

11  Jonathan E. Gertler, Esq.                    Todd M. Schneider, Esq.
Joseph R. Igelmund, Esq.                     Joshua G. Konecky, Esq.
12  Chavez & Gertler LLP                         Schneider & Wallace
42 Miller Avenue                             180 Montgomery Street, Suite 2000
13  Mill Valley, CA 94941                        San Francisco, CA 94104
Telephone:    415.381.5599                   Telephone:    415.421.7100
14  Facsimile:     415.381.5572                  Facsimile:     415.421.7105
**By Overnight Delivery**                    **By Overnight Delivery**
15

16  Ricardo De Rosa, Esq.
Law Offices of Ricardo De Rosa
17  6640 Brook Falls Circle
Stockton, CA 95219
18  Telephone:    209.345.7077
Facsimile:     209.476.0443
19  **By Overnight Delivery**

20  [ ]    <u>BY MAIL</u>:  United States Postal Service - by placing sealed envelopes with the postage
thereon fully prepaid, placed for collection and mailing on this date, following ordinary
21         business practices, in the United States mail at San Francisco, California.

22  [ ]    <u>BY HAND DELIVERY</u>:  I caused such envelope(s) to be delivered by Messenger Service
to the above address[es].
23

[ X ]  <u>BY OVERNIGHT DELIVERY</u>:  I caused such envelope(s) to be delivered to the above
24         address within 24 hours by OVERNIGHT EXPRESS service.

25  [ ]    <u>BY FACSIMILE</u>:  I caused such documents to be transmitted by facsimile to the
telephone number(s) indicated above.
26

27

28

3

---

1       I declare under penalty of perjury under the laws of the United States that the above is true

2   and correct.

3       Executed on July 10, 2008, at San Francisco, California.

4

5

6                                             LINDA A. MOORE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

4

*EXHIBIT A*

*EXHIBIT 1*



1  CHAVEZ & GERTLER LLP
   JONATHAN E. GERTLER (Bar No. 111531)
2  DANIEL B. SIEGEL (Bar No. 160742)
   42 Miller Avenue, Mill Valley, CA 94941
3  Tel: (415) 381-5599 Fax: (415) 381-5572

4
   SCHNEIDER WALLACE
5  COTTRELL BRAYTON KONECKY LLP
   TODD M. SCHNEIDER (Bar No. 158253)
6  JOSHUA G. KONECKY (Bar No. 182897)
   CHRISTIAN SCHREIBER (Bar No. 245597)
7  180 Montgomery Street, Suite 2000
8  San Francisco, CA 94104
   Tel: (415) 421-7100 Fax: (415) 421-7105
9
   LAW OFFICES OF RICARDO DE ROSA
10 RICARDO DE ROSA (Bar No. 221226)
   6640 Brook Falls Circle
11 Stockton, California, 95219
12 Tel: (209) 345-7077 Fax: (209) 476-0443

13 Attorneys for Plaintiff ANGELITA GOMEZ
14 And the Proposed Plaintiff Class

**FILED**
ALAMEDA COUNTY

MAY 2 7 2008

CLERK OF THE SUPERIOR COURT
By _Sasha Perry_
                        Deputy

15       SUPERIOR COURT OF THE STATE OF CALIFORNIA

16              COUNTY OF ALAMEDA

17              UNLIMITED JURISDICTION

18 ANGELITA GOMEZ, individually, and on     ) Case No: RG 08 389410
19 behalf of all others similarly situated,  )
                                             ) **CLASS ACTION** BY FAX
20        Plaintiff,                          )
                                             ) **COMPLAINT FOR FAILURE TO PAY**
21    vs.                                     ) **WAGES (Cal. Labor C. § 218); FAILURE**
                                             ) **TO PAY OVERTIME (Cal. Labor C. §§**
22 PEROT SYSTEMS CORPORATION, a              ) **510 & 1194); RECOVERY OF WAITING**
23 Delaware Corporation; and DOES 1 to 50,   ) **TIME PENALTIES (Cal. Labor C. § 203);**
                                             ) **FAILURE TO PROVIDE ITEMIZED**
24        Defendants                          ) **WAGE STATEMENTS (Cal. Labor C. §**
                                             ) **226); UNFAIR, UNLAWFUL &**
25                                            ) **FRAUDULENT BUSINESS PRACTICES**
                                             ) **(Cal. Bus. & Prof C.**
26                                            ) **§ 17200); AND INJUNCTIVE AND**
                                             ) **DECLARATORY RELIEF**
27 _____  )
                                             ) **DEMAND FOR JURY TRIAL**
28

COMPLAINT FOR FAILURE TO PAY WAGES. OVERTIME. ETC.

1    Plaintiff ANGELITA GOMEZ ("GOMEZ" or "Plaintiff"), individually and on behalf of all
2    others similarly situated, hereby complains against defendants PEROT SYSTEMS
3    CORPORATION ("PEROT SYSTEMS") and Does 1 through 50, inclusive (collectively,
4    "Defendants"), and, on information and belief, alleges as follows:

5    ## PRELIMINARY STATEMENT

6    1.    This class action seeks to halt and remedy defendant PEROT SYSTEMS
7    CORPORATION'S violations of California Labor Code and California Industrial Welfare
8    Commission Order ("Wage Order") provisions requiring pay for all hours worked, including
9    overtime for all hours worked over 40 per week or 8 per day and time for hours worked over twelve
10    in one day or beyond 8 hours on the seventh consecutive day of work in a workweek. Defendant
11    PEROT SYSTEMS, which provides technology information support services in the health care
12    industry and other industries, regularly and systematically has required, encouraged, and/or permitted
13    Plaintiff and members of the class to work on-call time ("on-call time" being when the employee is
14    the point of contact assigned to respond to trouble calls within a pre-determined period of time)
15    beyond their regular part-time or full-time (40 or more hours per week) schedules. The parameters of
16    the on-call requirements has included: a 15-minute required response time followed by immediate
17    assessment and solution of the client's technical problems; a restriction to locations with access to a
18    high-speed internet connection; and restrictions on travel in order that the highest-severity problems
19    could be dealt with at the job site within one hour. Plaintiff and members of the class have received,
20    and were required to respond to, regular and frequent calls without payment of required straight time
21    and/or premium overtime wages for the on-call time. Defendant PEROT SYSTEMS has also
22    regularly and systematically issued wage statements to Plaintiff and members of the class that failed
23    to disclose or misrepresented the true hours spent on-call, and the resulting straight time and/or
24    premium overtime wages earned by Plaintiff and members of the class for the on-call time,
25    information required by the California Labor Code. Plaintiff seeks injunctive and declaratory
26    relief, restitution, compensatory damages, penalties, interest, and attorneys' fees, costs and
27    expenses.
28

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

## VENUE

2.    Proper venue lies in Alameda County in that, while defendant PEROT SYSTEMS does business in the State of California, PEROT SYSTEMS has not designated with the California Secretary of State a principal place of business within the State of California pursuant to Corporations Code § 2105(a)(3). Accordingly, PEROT SYSTEMS may be sued in any county in the State of California, including the County of Alameda. Venue also is proper in Alameda County in that Plaintiff is informed and believes and on that basis alleges that defendants committed some of the wrongful acts alleged herein, in the County of Alameda.

## PARTIES

3.    Plaintiff GOMEZ is an individual over the age of eighteen (18) and at all relevant times, was a resident of the State of California. Plaintiff GOMEZ was employed by PEROT SYSTEMS as a non-exempt Business Systems Analysis Specialist as part of the Catholic Healthcare West ("CHW") account at St. Joseph's Medical Center ("SJMC") in Stockton, California from on or around July 2001 through February 2007. SJMC was one of 44 hospitals in the CHW system that comprised the CHW Account at PEROT SYSTEMS.

4.    Defendant PEROT SYSTEMS is a corporation organized under Delaware law and admitted to conduct business in the State of California. Plaintiff was employed by PEROT SYSTEMS as an Applications Analyst from July 2001 to about February 2007.

5.    Plaintiff does not know the true names and capacities of defendants sued herein as DOES 1-50 and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and on that basis alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences alleged herein, and thereby proximately caused Plaintiff's injuries alleged herein.

6.    Plaintiff is informed and believes and on that basis alleges that at all relevant times each of the defendants was the agent or employee of each of the remaining defendants, and in doing the things herein alleged was acting within the course and scope of such agency or employment, and that defendants authorized, ratified, and approved, expressly or impliedly, all of

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

1  the conduct herein alleged.

2  ## CLASS AND COLLECTIVE ACTION ALLEGATIONS

3      7.    Plaintiff brings this action for violations of California's Wage and Hour Law as a

4  class action, pursuant to Code of Civil Procedure § 382 and Business & Professions Code §

5  17200, on behalf of herself and all current and former non-exempt employees of PEROT

6  SYSTEMS in California who worked on-call time at any time in the four years preceding the

7  filing of this action to final resolution of this action.

8      8.    Common questions of law and fact exist as to members of the class that include, but

9  are not limited to the following:

10      a)    Whether defendant PEROT SYSTEMS' on-call policy described herein

11  violates California law by denying overtime wages to members of the class;

12      b)    Whether defendant PEROT SYSTEMS' on-call policy as described

13  herein violates California law by denying straight time wages to members of the class;

14      c)    Whether defendant PEROT SYSTEMS' on-call policy results in the

15  failure to pay all wages at the time of termination of employment for on-call time

16  worked by members of the class;

17      d)    Whether defendant PEROT SYSTEMS' failure to credit and pay class

18  members for all their on-call hours results in itemized wage statements to the class that

19  do not accurately show all hours worked, all earned wages, and/or the other information

20  required by Labor Code § 226; and

21      e)    Whether defendant PEROT SYSTEMS' on-call policy and failure to

22  pay class members for all their on-call hours constitute unfair, unlawful or fraudulent

23  business practices proscribed by Business & Professions Code § 17200.

24      9.    Plaintiff's claims are typical of the claims of the class that Plaintiff seeks to

25  represent. Plaintiff and members of the class were not compensated for all on-call time worked

26  at the rate required by California law. Plaintiff and members of the class were not paid all

27  earned wages at the time of termination of employment for all on-call time worked, including

28  straight time and/or premium overtime wages. Plaintiff and members of the class were not

1   provided itemized wage statements that disclosed all information required by Labor Code § 226

2   for all on-call time worked. Plaintiff and members of the class are entitled to injunctive relief, as

3   permitted by law, in that PEROT SYSTEMS' violations of California law have harmed, and are

4   continuing to harm, Plaintiff and members of the class.

5       10.    The potential quantity of members of the class is so numerous that

6   joinder of all members would be unfeasible and impractical. The disposition of their claims

7   through this class action will benefit both the parties and the Court. The quantity of members

8   is unknown to Plaintiff at this time; however, it is estimated that the class size is over 100

9   individuals. The quantity and identity of the proposed class are readily ascertainable through

10  inspection of PEROT SYSTEMS' records.

11      11.    Plaintiff will fairly and adequately represent and protect the interests of the members

12  of the class. Plaintiff has retained and is represented by counsel competent and experienced in

13  complex class action litigation, including wage and hour class actions.

14      12.    The nature of this action and the nature of laws available to Plaintiff

15  make use of the class action format the superior and appropriate procedure to afford relief for the

16  wrongs alleged herein.

17  ### FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

18      13.    Defendant PEROT SYSTEMS required, encouraged, suffered and/or permitted

19  Plaintiff and members of the class to work on-call time in which they were subject to PEROT

20  SYSTEMS' control. Plaintiff and members of the class included non-exempt employees who

21  worked for PEROT SYSTEMS clients and accounts at job sites in California. Some of the class

22  members were known as "Desktop Technicians," "Analysts," and "Specialists." Plaintiff and

23  members of the class were required to provide technical support, both remotely and at job sites, for

24  PEROT SYSTEMS clients and accounts, on an on-call basis. Specifically, Plaintiff and members of

25  the class were required to respond within 15 minutes to any call seeking technical support; were

26  restricted to locations with a high-speed internet connection; were required to notify their manager

27  any time they went out of cell range; were required to be able to appear at the job site within one

28  hour to provide technical support for problems of certain severity; and regularly and frequently

4

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

1  received calls to which they were required to assess and then solve a technical problem. Defendant

2  PEROT SYSTEMS failed to pay Plaintiff and members of the class all required wages, including

3  premium overtime wages, for the on-call time, in violation of Labor Code §§ 510 and 1194 and

4  IWC Wage Orders including without limitation Wage Order 4-2001.

5      14.    Defendant PEROT SYSTEMS regularly and systematically issued wage statements

6  to Plaintiff and members of the class that fail to disclose or misrepresent the true hours spent on-call

7  and the resulting overtime wages earned by Plaintiff and members of the class for all the on-call time,

8  information required by the California Labor Code § 226.

9      15.    Defendant PEROT SYSTEMS failed to pay all earned straight time and overtime

10  wages to Plaintiff and members of the class at the time of termination of employment for all their

11  on-call time, in violation of Labor Code §§ 201, 202, 510 and 1194.

12      16.    Plaintiff and members of the class are non-exempt employees under the laws of

13  the State of California.

14      17.    The practices of defendant PEROT SYSTEMS in failing to pay Plaintiff and

15  members of the class earned compensation, including premium overtime wages, for all of their

16  on-call time, to pay all earned wages for all of their on-call time at the time of termination of

17  employment, and to provide itemized wage statements that disclose all lawfully required

18  information as to their on-call time and resulting straight time and overtime wages owed, are

19  substantially similar, if not identical.

20                    **FIRST CAUSE OF ACTION**
       **UNLAWFUL FAILURE TO PAY OVERTIME COMPENSATION**
21          <u>**(California Labor Code §§ 510, 1194; Wage Order 4-2001)**</u>

22      18.    Plaintiff incorporates the allegations contained in the foregoing paragraphs as

23  though fully set forth herein.

24      19.    Plaintiff and class members have been employed by PEROT SYSTEMS within

25  the time period covered by this Complaint.

26      20.    California Labor Code § 510 and the IWC Wage Orders, including without

27  limitation Wage Order 4-2001, provide in substance and effect that an employer shall pay a

28

5

1  premium "overtime" rate for all "hours worked" by employees in excess of eight hours in a work day

2  or forty hours in a work week and "doubletime" for all "hours worked" by employees in excess of

3  twelve hours per work day, or all hours worked beyond 8 hours on the seventh consecutive day of

4  work in a workweek. "Hours worked" is defined in the wage order as "the time during which an

5  employee is subject to the control of an employer, and includes all the time the employee is suffered

6  or permitted to work, whether or not required to do so."

7        21.    During all relevant times, defendant PEROT SYSTEMS required, encouraged,

8  suffered and/or permitted Plaintiff and the members of the class to be on-call for certain weeks

9  in which they were subject to PEROT SYSTEMS' control, with a 15-minute required response time,

10  a restriction to locations where they had access to a high-speed internet connection, geographic

11  limitations on their movements, and a required in-person response to problems of certain severity.

12  They received regular and frequent calls to which they immediately had to assess and solve the

13  technical problem. They were also required to notify their manager any time they went out of cell

14  range.

15        22.    Plaintiff and members of the class who worked certain weeks of on-call time at any

16  time during the class period are entitled to straight time pay for their on-call time worked, and

17  overtime pay for those hours worked beyond any full-time 8 hour/day and 40 hour/week schedule (or

18  beyond any hours of a lawfully adopted Alternative Workweek Schedule), pursuant to Labor Code §

19  510 and IWC Wage Orders, including without limitation Wage Order 4-2001.

20        23.    Defendant PEROT SYSTEMS has failed to pay earned overtime compensation,

21  either when due or not at all, for the on-call time worked by Plaintiff and members of the class other

22  than time responding to a call and then assessing and solving the technical problem.

23        24.    IWC Wage Orders, including without limitation Wage Order 4-2001, further provide

24  in substance and effect that an employer shall pay one and one-half times the employee's regular rate

25  of pay for all work performed in the work day beyond eight per day or 40 hours per week, and

26  double the employee's regular rate of pay for all hours worked in excess of 12 hours per day and any

27  work in excess of eight hours on the seventh day worked in a workweek.

28        25.    As a proximate result of the conduct of defendant PEROT SYSTEMS, Plaintiff and

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

1  members of the class have suffered damages, including for straight time and overtime worked and

2  not paid for on-call time, in an amount to be proven at trial.

3      26.     Plaintiff and members of the class request interest on all compensation earned and

4  unpaid for on-call time, pursuant to Labor Code § 218.6.

5      27.     Plaintiff requests an award of attorneys' fees, costs, and expenses, pursuant to

6  applicable California law, including Labor Code §§ 1194.

7      WHEREFORE, Plaintiff prays for relief as set forth below.

8                          **SECOND CAUSE OF ACTION**
9      **(Failure to Pay Wages: Cal. Lab. Code §§ 204, 218; Wage Order 4-2001)**

10     28.     Plaintiff incorporates the allegations contained in the foregoing paragraphs as

11  though fully set forth herein.

12     29.     At all relevant times, PEROT SYSTEMS has failed to pay wages for time spent

13  on call as required by California law.

14     30.     Defendants have suffered and/or permitted Plaintiff and class members to be on

15  call and perform work for the benefit of PEROT SYSTEMS without being paid wages, and/or

16  Plaintiff and class members have been under the control of PEROT SYSTEMS while on call and

17  performing work without being paid wages.  The work performed "on-call" was the same kind of

18  work they did in the scope of their regular daily work hours.

19     31.     Labor Code § 218 states that "[n]othing in this article shall limit the right of any

20  wage claimant to sue directly or through an assignee for any wages or penalty due him under this

21  article."

22     32.     Labor Code § 204 states that "All wages . . . earned by any person in any

23  employment are due and payable twice during each calendar month . . . ."

24     33.     IWC Wage Order 4-2001 requires compensation for all "hours worked," which is

25  defined in the Wage Order as "the time during which an employee is under the control of an

26  employer, and includes all the time the employee is suffered or permitted to work . . ."

27     34.     As a result, Plaintiff and class members are entitled to regular wages pursuant to

28  California law including, but not limited to, Cal. Lab. Code §§ 204 and 218 and IWC Wage

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

1  Order 4-2001.

2      35.    Defendants' failure to pay Plaintiff and class members for each on-call hour

3  worked was willful, and there remain due and unpaid wages in amounts to be determined.

4      36.    Plaintiff, on her own behalf and on behalf of others similarly situated, seeks as

5  damages in an amount to be determined, fees and costs pursuant to California law including, but

6  not limited to, Cal. Lab. Code §§ 201-204, and 218, plus costs, disbursements, attorneys' fees,

7  and interest pursuant to California law including, but not limited to, Cal. Lab. Code § 218.6.

8      WHEREFORE, Plaintiff prays for relief as set forth below.

9  **THIRD CAUSE OF ACTION**
   **RECOVERY OF WAITING TIME PENALTIES**
10  **(California Labor Code §§ 203)**

11

12     37.    Plaintiff incorporates the allegations contained in the foregoing paragraphs as

13  though fully set forth herein.

14     38.    California Labor Code § 203 provides that if an employer willfully fails to pay,

15  without abatement or reduction, in accordance with California Labor Code §§ 201, 201.5, 202 and

16  205.5, any wages of an employee who is discharged or who resigns, the wages of the employee shall

17  continue as a penalty from the due date thereof at the same rate until paid up to a maximum of thirty

18  (30) days.

19     39.    During all relevant times, defendant PEROT SYSTEMS had and continues to have a

20  consistent and uniform policy, practice and procedure of willfully failing to pay the earned and

21  unpaid wages of its employees at the termination of their employment earned for all of their on-call

22  time, in violation of California Labor Code §§ 201 and 202.

23     40.    Plaintiff and certain members of the class are no longer employed by defendant

24  PEROT SYSTEMS, in that they were either discharged from or quit PEROT SYSTEMS'

25  employ.

26     41.    During all relevant times, defendant PEROT SYSTEMS willfully failed to pay

27  Plaintiff and said members of the class who are no longer employed by PEROT SYSTEMS a sum

28  certain for earned wages earned for all their on-call time, at the time of their termination or within

8

1   seventy-two (72) hours of their resignation, and failed to pay those sums for thirty (30) days

2   thereafter.

3        42.    During all relevant times, defendant PEROT SYSTEMS willfully failed to pay

4   Plaintiff and said members of the class who are no longer employed by PEROT SYSTEMS, in that

5   PEROT SYSTEMS knew wages were due for all on-call time, but nevertheless failed to pay them.

6        43.    Plaintiff and members of the class who are no longer employed by defendant PEROT

7   SYSTEMS are entitled to penalties pursuant to California Labor Code § 203, in the amount of

8   each person's daily wage multiplied by thirty (30) days.

9        WHEREFORE, Plaintiff prays for relief as set forth below.

10
11

**FOURTH CAUSE OF ACTION**
**FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS**
**(California Labor C. § 226)**

12        44.    Plaintiff incorporates the allegations contained in the foregoing paragraphs as

13   though fully set forth herein.

14        45.    Plaintiff and class members were employed by PEROT SYSTEMS within the

15   time period covered by this Complaint.

16        46.    IWC Wage Orders, including without limitation Wage Order 4-2001, provide that

17   the employer shall keep accurate information with respect to each employee, including total

18   hours worked and applicable rates of pay.

19        47.    Labor Code § 226 provides that the employer shall provide at the time of each

20   payment of wages an accurate itemized statement that discloses (1) gross wages earned, (2) total

21   hours worked by the employee, (3) the number of piece rate units earned and any applicable

22   piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned,

23   (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

24   employee and compliant identifying information, (8) the name and address of the legal entity that

25   is the employer, and (9) all applicable hourly rates in effect during the pay period and the

26   corresponding number of hours worked at each hourly rate by the employee.

27        48.    Labor Code § 226 further provides that an employee may bring an action for

28   injunctive relief to ensure compliance with that code section.

9

49.   During all relevant times, defendant PEROT SYSTEMS provided to plaintiff and members of the class, at the time of payment of wages, wage statements that failed to disclose, without limitation, the total hours worked by the employee and the gross wages earned, through PEROT SYSTEMS' failure to include all of the on-call time of the employee other than, in some instances, time responding to a call and then assessing and resolving the technical issue.

50.   Plaintiff requests that the Court grant injunctive relief restraining defendant PEROT SYSTEMS from further violating the provisions of Labor Code § 226, and commanding defendant PEROT SYSTEMS to issue to Plaintiff and each member of the class further itemized wage statements that disclose, without limitation, the total hours worked by the employee, and the gross wages earned, resulting from all on-call time of the employee, information required by Labor Code § 226 and which PEROT SYSTEMS failed to provide in any wage statement issued to Plaintiff or the respective class member during all relevant times.

51.   Plaintiff requests an award of attorneys' fees, costs, and expenses, pursuant to California Labor Code § 226(g).

WHEREFORE, Plaintiff prays for relief as set forth below.

### FIFTH CAUSE OF ACTION
### UNFAIR COMPETITION – UNFAIR ,UNLAWFUL & FRAUDULENT BUSINESS PRACTICES
### (California Business & Professions Code § 17200)

52.   Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein.

53.   Plaintiff and class members were employed by PEROT SYSTEMS during the time period covered by this Complaint.

54.   The Unfair Competition Law ("UCL"), California Business & Professions Code § 17200, et seq., defines unfair competition to include, inter alia, any unfair or unlawful business act or practice.  The UCL provides that a Court may enjoin acts of unfair competition, and order restitution to affected members of the public.

55.   Plaintiff is informed and believes and on that basis alleges that, during the four years preceding the filing of this complaint, PEROT SYSTEMS has committed acts of unfair

1  competition proscribed by California Business and Professions Code § 17200, et seq., including

2  the practices alleged herein.

3      56.    Plaintiff is informed and believes and on that basis alleges, as more fully set out

4  above, that PEROT SYSTEMS has engaged in the following unfair and/or unlawful acts and

5  practices:

6          a)      PEROT SYSTEMS regularly and systematically has required,

7      encouraged, suffered and/or permitted Plaintiff and members of the class to regularly

8      work on-call time, including on-call time beyond their regular full-time (8/day and

9      40/week) schedule (or beyond the hours of a lawfully adopted Alternative Workweek

10     Schedule), with a 15-minute required response time, a restriction to locations with

11     access to a high speed internet connection, a requirement to notify a manager whenever

12     out of cell phone range, a requirement to be able to report to a job site within one hour

13     for calls of certain severity, and numerous calls that they must respond to, all without

14     payment of required wages for the on-call time other than the time spent responding to

15     calls and then assessing and resolving technical problems, in violation of California

16     Labor Code §§ 510 and 1194 and applicable Wage Orders, including without limitation

17     Wage Order 4-2001; and

18         b)      Defendant PEROT SYSTEMS also regularly and systematically issued

19     wage statements to Plaintiff and members of the class that fail to disclose or

20     misrepresent the true hours spent on on-call time and resulting wages earned by Plaintiff

21     and members of the class for the on-call time, information required by the California

22     Labor Code § 226.

23         c)      Defendants have regularly and systematically failed to pay members of

24     the class that have left their employment, either voluntarily or involuntarily, all the

25     wages due them as required by Labor Code §§ 201-202.

26     57.    The business acts and practices of PEROT SYSTEMS as hereinabove alleged

27  constitute unfair and/or unlawful business practices in that, for the reasons set forth above, said

28  acts and practices violate explicit provisions of the California Labor Code and/or Wage Orders,

1  including without limitation Wage Order 4-2001. PEROT SYSTEMS has obtained a significant

2  competitive advantage, and engaged in unfair competition, through its acts and practices of

3  obtaining employee labor without paying legally required overtime compensation for primary

4  on-call time; and without reporting to governmental authorities the true overtime wages earned

5  for on-call time and paying to such authorities all taxes and levies on the true wages earned.

6        58.    Plaintiff and members of the class are entitled to restitution in the amounts of all

7  earned wages unpaid by defendant PEROT SYSTEMS.

8        59.    The unfair and unlawful business acts and practices of defendant PEROT

9  SYSTEMS described herein present a continuing threat to members of the general public in that

10  PEROT SYSTEMS is currently engaging in such acts and practices, and will persist and

11  continue to do so unless and until an injunction is issued by this Court. On behalf of all others

12  similarly situated, Plaintiff requests that this Court issue an injunction restraining the foregoing

13  conduct by PEROT SYSTEMS.

14        60.    Plaintiff requests that the Court grant further injunctive relief, commanding

15  defendant PEROT SYSTEMS to issue to Plaintiff and each member of the class itemized wage

16  statements that reflect all on-call time worked and resulting wages owed as required by Labor

17  Code § 226 and which PEROT SYSTEMS failed to provide in any wage statement issued to

18  Plaintiff or the respective class member during the four years preceding the filing of this

19  complaint.

20        61.    On behalf of all others similarly situated, Plaintiff further requests that the Court

21  issue an interim order requiring PEROT SYSTEMS to advise all members of the class of their

22  rights as to entitlement to overtime pay for on-call time pursuant to the California Labor Code

23  and Wage Orders.

24        62.    On behalf of all others similarly situated, Plaintiff further requests a declaration as

25  to the respective rights, remedies, and obligations of the parties, and establishment of a post-

26  judgment reference proceeding to identify, locate and fully reimburse all affected employees all

27  monies due to them.

28        63.    On behalf of all others similarly situated, Plaintiff further requests that the Court

COMPLAINT FOR FAILURE TO PAY WAGES. OVERTIME. ETC.

1  enforce the penalty provision of Labor Code § 203, pursuant to Business and Professions Code §

2  17202, which provides: "Notwithstanding Section 3369 of the Civil Code, specific or preventive

3  relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."

4      64.    Plaintiff requests an award of attorneys fees, costs and expenses pursuant to Code

5  of Civil Procedure § 1021.5 and as otherwise permitted by statute.

6      WHEREFORE, Plaintiff prays for relief as set forth below.

7

8                          **SIXTH CAUSE OF ACTION**
                           **DECLARATORY RELIEF**

9

10     65.    Plaintiff incorporates the allegations contained in the foregoing paragraphs as

11  though fully set forth herein.

12     66.    Plaintiff and class members were employed by PEROT SYSTEMS within the

13  time period covered by this Complaint.

14     67.    An actual controversy has arisen between Plaintiff and members of the class, on the

15  one hand, and defendant PEROT SYSTEMS, on the other hand, as to their respective rights,

16  remedies and obligations. Specifically, Plaintiff alleges that the acts and practices of PEROT

17  SYSTEMS as hereinabove alleged:

18      a)    violate the California Labor Code and Wage Orders, including Labor

19  Code §§ 510 and 1194 and Wage Order 4-2001, in that PEROT SYSTEMS has failed

20  to pay overtime and straight time compensation for all on-call time of Plaintiff and

21  members of the class, either when due or not at all;

22      b)    violate Labor Code § 226, in that PEROT SYSTEMS has failed to

23  maintain records that show, and provided wage statements to plaintiff and members of

24  the class that fail to disclose or misrepresent the true hours spent on on-call time and

25  resulting wages earned by Plaintiff and members of the class for the on-call time; and

26      c)    violate Labor Code §§ 201-203, in that Defendants have failed to class

27  members all wages due upon their termination of employment.

28     68.    Plaintiff further alleges that members of the class are entitled to recover earned

---

13

1   wages and penalties as hereinabove alleged.

2      69.    Defendant PEROT SYSTEMS contends to the contrary.

3      70.    Accordingly, Plaintiff seeks a declaration as to the respective rights, remedies, and

4   obligations of the parties.

5      WHEREFORE, Plaintiff prays for relief as set forth below.

6   **PRAYER FOR RELIEF**

7   WHEREFORE, Plaintiff, on behalf of herself and members of the class, respectfully prays for

8   relief as follows:

9      1.     For an order certifying this case as a class action, and appointing Plaintiff as the

10   representative of the class;

11      2.     For an order finding and declaring that PEROT SYSTEMS' acts and practices as

12   challenged herein are unlawful and unfair;

13      3.     For an order finding and declaring that PEROT SYSTEMS' acts and practices in

14   failing to pay earned wages when due were willful, and penalties shall be awarded against

15   PEROT SYSTEMS pursuant to Labor Code § 203;

16      4.     For an order preliminarily and permanently enjoining PEROT SYSTEMS from

17   engaging in the practices challenged herein;

18      5.     For an order commanding defendant PEROT SYSTEMS to issue to Plaintiff and

19   each member of the class itemized wage statements that state all of the true hours spent on-call

20   and resulting wages earned by Plaintiff and members of the class for the on-call time,

21   information required by Labor Code § 226 and which PEROT SYSTEMS failed to provide in

22   any wage statement issued to Plaintiff or the respective class member during the four years

23   preceding the filing of this complaint;

24      6.     For an order requiring PEROT SYSTEMS to advise all members of the class of

25   their rights as to entitlement to pay, including overtime pay, for on-call time pursuant to the

26   California Labor Code, Wage Orders, and Business & Professions Code;

27      7.     For restitution of all earned wages earned and unpaid;

28      8.     For compensatory damages in amounts to be determined at trial;

14

1      9.    For a declaration as to the respective rights, remedies, and obligations of the

2  parties, and establishment of a post-judgment reference proceeding to identify, locate, and fully

3  reimburse all affected employees all monies due to them;

4      10.   For an award of all applicable statutory penalties;

5      11.   For prejudgment interest to the extent permitted by law;

6      12.   For an award of attorneys' fees, costs and expenses incurred in the prosecution of

7           this action; and

8      13.   For such other and further relief as the Court may deem proper.

9  Dated: May 27, 2008

10                    CHAVEZ & GERTLER LLP

11                    SCHNEIDER WALLACE
COTTRELL BRAYTON

12                    KONECKY LLP

13                    LAW OFFICES OF RICARDO DE ROSA

14

15

16                    By:

17                        Jonathan E. Gertler
Attorneys of record for Plaintiff

18                    ANGELITA GOMEZ

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

10577255.tif - 5/27/2008 2:59:30 PM

1

## DEMAND FOR JURY TRIAL

2    Plaintiff hereby demands a jury trial on all causes for which she is entitled a jury.

3

4    Dated:  May 27, 2008                    CHAVEZ & GERTLER LLP

5
                                            SCHNEIDER WALLACE
6                                           COTTRELL BRAYTON
                                            KONECKY LLP
7
                                            LAW OFFICES OF RICARDO DE ROSA
8

9

10                                          By: _____
                                                   Jonathan E. Gertler
11                                          Attorneys of record for Plaintiff
.12                                         ANGELITA GOMEZ

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

*EXHIBIT 2*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PEROT SYSTEMS CORPORATION, a Delaware Corporation;
and DOES 1 to 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*

ANGELITA GOMEZ, individually, and on behalf of all others
similarly situated

---

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED
FILED
ALAMEDA COUNTY**

MAY 27 2008

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER *(Número del Caso):* |
|---|---|
| Superior Court of Alameda County 1225 Fallon Street Oakland, California 94612 | 08389410 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jonathan E. Gertler                                    Telephone: (415) 381-5599
Chavez & Gertler LLP
42 Miller Avenue, Mill Valley, CA 94941

DATE: MAY 27 2008              Pat S. Sweeten    Clerk, by    Tasha Perry    , Deputy
*(Fecha)*                                        *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1 2004]
Martin Dean's Essential Forms ™

**SUMMONS**

Code of Civil Procedure §§ 412 20, 465

*EXHIBIT 3*

# CHAVEZ & GERTLER LLP

## ATTORNEYS AT LAW

### 42 MILLER AVENUE
### MILL VALLEY, CA 94941
TELEPHONE: (415) 381-5599
FACSIMILE: (415) 381-5572
Info@chavezgertler.com

June 24, 2008

## FACSIMILE COVER SHEET

**TO:**   Mary Stoner                      **FAX NO.:**   (415) 394-9401
      Jackson Lewis LLP

**FROM:**   Moya Mulreany for Jonathan E. Gertler.

**CASE REFERENCE:**       Gomez v. Perot Systems Corp.

**TOTAL NUMBER OF PAGES, including this cover sheet:**     2

**SENT BY:**     M. Mulreany             **TIME:**      1:29 PM

**REPLY:** (415) 381-5572 (fax)            (415) 381-5599 (telephone)

**ADDITIONAL COMMENTS:**

*CONFIDENTIALITY NOTICE*

*THE INFORMATION CONTAINED IN THIS FACSIMILE TRANSMISSION IS CONFIDENTIAL, AND MAY BE LEGALLY PRIVILEGED, LEGALLY PROTECTED ATTORNEY WORK-PRODUCT, OR MAY BE INSIDE INFORMATION. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE RECIPIENT(S) NAMED ABOVE. IF YOU HAVE RECEIVED THIS INFORMATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE TO ARRANGE FOR RETURN OF ALL DOCUMENTS. ANY UNAUTHORIZED DISCLOSURE, COPYING, DISTRIBUTION, OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS INFORMATION IS STRICTLY PROHIBITED AND MAY BE UNLAWFUL.*

06/24/2008 13:32 IFAX ecopy@jacksonlewis.com
06/24/2008 Case 3:08-cv-03387-SC 55Document 4ERTLER07/11/2008 Page 42 of 69 ☑002/002
Reception ☑002/002

| Attorney Or Party Without Attorney (Name and Address) | Telephone | FOR COURT USE ONLY |
|---|---|---|
| JONATHAN GERTLER, ESQ. (111531)<br>CHAVEZ & GERTLER<br>42 Miller Avenue<br>Mill Valley, California 94941 | (415) 381-5599 | |
| Attorneys For: ANTONIO CRUZ | Ref. No. Or File No.<br>W2498112 | |

Insert name of court, judicial district and branch court, if any:
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ALAMEDA - NORTHERN DIVISION

Plaintiff:
ANGELITA GOMEZ, etc.

Defendant:
PEROT SYSTEMS CORPORATION, etc., et al.

| PROOF OF SERVICE | Date: | Time: | Dept/Div: | Case Number:<br>RG008389410 |
|---|---|---|---|---|

I, B. Anderson _____, Under penalty of perjury, hereby declare that I am and was on the dates herein mentioned, over the age of eighteen, and not a party to the within action;

I served the: SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; ADR INFORMATION PACKAGE; NOTICE OF HEARING

In this action by personally delivering to and leaving with the following defendant or person on the date set opposite their respective names, a true copy thereof:

Defendant : PEROT SYSTEMS CORPORATION, A DELAWARE CORPORATION

By Serving : JUAN DE PABLO, Authorized Agent of CT CORPORATION SYSTEM, Agent for Service of Process

Address : 818 West Seventh Street , Los Angeles, California

Date & Time : Friday, June 13, 2008 @ 2:40 p.m.

Witness fees were : Not applicable.

Person serving:
B. Anderson
Wheels of Justice, Inc.
657 Mission Street, Suite 502
San Francisco, California 94105
Phone: (415) 546-6000

a. Fee for service:
d. Registered California Process Server
   (1) Employee or independent contractor
   (2) Registration No.: 3991
   (3) County: Los Angeles
   (4) Expires:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 13, 2008

Signature: _____
B. Anderson

Printed on recycled paper

*EXHIBIT 4*

## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION PACKAGE
#### Effective April 15, 2005

### Instructions to Plaintiff / Cross-Complainant

In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff is required to serve a copy of this ADR information package on each defendant.

California Rules of Court, Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the complaint, an Alternative Dispute Resolution (ADR) information package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes ...

(2) Information about the ADR programs available in that court ...

(3) In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA ...

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) Court may make package available on Web site ...

(c) The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.

1/05

# GENERAL INFORMATION ABOUT ADR

## Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

## Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- ADR can be speedier. A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- ADR can save money. Court costs, attorney fees, and expert witness fees can be saved.

- ADR can permit more participation. With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- ADR can be flexible. The parties can choose the ADR process that is best for them.

- ADR can be cooperative. In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- ADR can reduce stress. There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# Three Common Types of Alternative Dispute Resolution

his section describes the forms of ADR most often found in the California state courts and discusses when each may be ght for a dispute.

## Mediation

n mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. inlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties o.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's nterests, instead of working against each other where at least one party loses. Mediation normally leads to better elations between the parties and to resolutions that hold up. For example, mediation has been very successful in family lisputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

## Arbitration

n arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

## Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at https://www.dca.ca.gov/r_r/mediat1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Website at http://www.calbar.org/2lin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."

- **Automotive Repair, Smog Check:** The California Bureau of Automotive Repair (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Attorney Fees:** The State Bar of California administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

## DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

Mediation Services
22278 Redwood Road, Castro Valley, CA 94546
Phone: (510) 733-4940   fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teen Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

East Bay Community Mediation
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Phone: (510) 548-2377   fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

Catholic Charities of the East Bay: Oakland – Main Office
433 Jefferson Street, Oakland, CA 94607
Phone: (510) 768-3100  fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

Center for Community Dispute Settlement
1789 Barcelona Street, Livermore, CA 94550
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County.  Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

California Lawyers for the Arts: Oakland Office
1212 Broadway Street, Suite 837, Oakland, CA 94612
Phone: (510) 444-6351  fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced, and contract issues, through the use of alternative dispute resolution. It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

## ALAMEDA COUNTY SUPERIOR COURT
## ADR PROGRAM

### DR Program Administrator

ırsuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of Califoma, County of Alameda ıs designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration rogram Coordinator may be contacted at (510) 670-6646.

### he Judicial Arbitration Process

#### Appointment of Arbitrator (must be appointed within 30 days after referral per *CRC 1605*).

⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per *CRC 1605a*)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

#### Assignment of Case (*CRC 1605a(d)*)

⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

#### Hearings (*CRC 1611*)

⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

#### Award of Arbitrator (*CRC 1615b & c*)

⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

#### Return of Case to Court

⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. (*CRC 1616 & Local Rule 6.4*)

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified (*CRC 1615c & Local Rule 6.6*)

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. (*Local Rule 6.6*)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | | |
|---|---|---|
| Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | ☐ Berkeley Courthouse<br>2000 Center Street, 2nd FL, Berkeley, CA 94704 | ☐ George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
| Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | ☐ Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | ☐ Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | ☐ René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

Plaintiff

vs.

Case No.: _____

STIPULATION FOR ALTERNATIVE
DISPUTE RESOLUTION (ADR)

Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

### ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05

*EXHIBIT 5*

Chavez & Gertler
Attn: Gertler, Janathan E.
42 Miller Ave.
Mill Valley, CA   94941

Perot Systems Corporation, a Delware
Corporation

RECEIVED
MAY 3 0 2008
By_____

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Gomez<br><br>                    Plaintiff/Petitioner(s)<br>                VS.<br><br>Perot Systems Corporation<br>                    Defendant/Respondent(s)<br>          (Abbreviated Title) | No. <u>RG08389410</u><br><br><br>NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and
time noted below:

Complex Determination Hearing:
DATE: 07/29/2008    TIME: 02:30 PM    DEPARTMENT: 22
LOCATION:  Administration Building, Fourth Floor
                  1221 Oak Street, Oakland

Case Management Conference:
DATE: 09/08/2008    TIME: 02:00 PM    DEPARTMENT: 22
LOCATION:  Administration Building, Fourth Floor
                  1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 4.2 (Unified Rules of the
Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation
Determination Hearing and Initial Complex Case Management Conference.

Department 22 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb).
For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at
(510) 267-6938.  Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the
Superior Court, County of Alameda, concerning the tentative ruling procedures for Department22.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this
notice on all parties omitted from this notice or brought into the action after this notice was
mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex
Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement
may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be

scheduled for hearing in Department 22.

If the information contained in this notice requires change or clarification, please call the courtroom clerk for Department 22 at (510) 267-6938.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 05/29/2008                           Executive Officer / Clerk of the Superior Court

                                    By      _____
                                                                    Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

            Executed on 05/29/2008.

                                    By      _____
                                                                    Deputy Clerk

*EXHIBIT 6*

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, S.  number, and address):* | FOR COURT USE ONLY |
|---|---|
| — Jonathan E. Gertler (Bar No. 111531)<br>— Chavez & Gertler LLP<br>42 Miller Avenue<br>Mill Valley, CA 94941 | |

TELEPHONE NO.: (415) 381-5599    FAX NO.*(Optional):* (415) 381-5572

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*    Plaintiff, Angelita Gomez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF    Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

PLAINTIFF/PETITIONER: ANGELITA GOMEZ, individually, and on behalf of all others similarly situated
DEFENDANT/RESPONDENT: PEROT SYSTEMS CORPORATION, a Delaware Corporation and DOES 1 to 50

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | CASE NUMBER:<br>RG08389410 |
|---|---|

TO *(insert name of party being served):* Defendant, PEROT SYSTEMS CORPORATION

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 10, 2008

Moya B. Mulreany
*(TYPE OR PRINT NAME)*    *(SIGNATURE OF SENDER-MUST NOT BE A PARTY IN THIS CASE)*

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1.  ☒ A copy of the summons and of the complaint.
2.  ☒ Other *(specify)*:
    Civil Case Cover Sheet
    Alameda Superior Court Alternative Dispute Resolution Information Package
    Notice of Hearing [Complex Determination Hearing and Case Management Conference]

*(To be completed by recipient):*

Date this form is signed:

_____    _____
*(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,*    *(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF*
*ON WHOSE BEHALF THIS FORM IS SIGNED)*    *ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005]<br>*Martin Dean's Essential Forms* ™ | NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

*EXHIBIT 7*

1   CHAVEZ & GERTLER LLP
    JONATHAN E. GERTLER (Bar No. 111531)
2   DANIEL B. SIEGEL (Bar No. 160742)
    42 Miller Avenue, Mill Valley, CA 94941
3   Tel: (415) 381-5599 Fax: (415) 381-5572
4
    SCHNEIDER WALLACE
5   COTTRELL BRAYTON KONECKY LLP
    TODD M. SCHNEIDER (Bar No. 158253)
6   JOSHUA G. KONECKY (Bar No. 182897)
    CHRISTIAN SCHREIBER (Bar No. 245597)
7   180 Montgomery Street, Suite 2000
8   San Francisco, CA 94104
    Tel: (415) 421-7100 Fax: (415) 421-7105
9
    LAW OFFICES OF RICARDO DE ROSA
10  RICARDO DE ROSA (Bar No. 221226)
11  6640 Brook Falls Circle
    Stockton, California, 95219
12  Tel: (209) 345-7077 Fax: (209) 476-0443
13  Attorneys for Plaintiff ANGELITA GOMEZ
    And the Proposed Plaintiff Class
14
15              SUPERIOR COURT OF THE STATE OF CALIFORNIA
16                          COUNTY OF ALAMEDA
17                        UNLIMITED JURISDICTION
18  ANGELITA GOMEZ, individually, and on        )  Case No:
19  behalf of all others similarly situated,    )
                                                )  **CLASS ACTION**
20              Plaintiff,                       )
                                                )  **PROOF OF SERVICE**
21      vs.                                      )
22  PEROT SYSTEMS CORPORATION, a                 )
23  Delaware Corporation; and DOES 1 to 50,      )
                                                )
24              Defendants                       )
25                                               )
26                                               )
27                                               )
28

_____

                                                        PROOF OF SERVICE

1  Gomez v. Perot Systems
   Alameda County Superior Court Case No.RG08389410
2
                            **PROOF OF SERVICE**
3                              (C.C.P. §1013a(3))
   STATE OF CALIFORNIA          )
4                               ) ss.
5  COUNTY OF MARIN              )

6          I am employed in the County of Marin, State of California.  I am over the age of 18
7  years and not a party to the within action; my business address is Chavez & Gertler LLP, 42
   Miller Avenue, Mill Valley, CA  94941.
8
           On June 10, 2008, I served the foregoing documents:
9
10     •    **SUMMONS**

11     •    **COMPLAINT FOR FAILURE TO PAY WAGES (Cal. Labor C.
            § 218); FAILURE TO PAY OVERTIME (Cal. Labor C. §§ 510 &
            1194); RECOVERY OF WAITING TIME PENALTIES (Cal. Labor
12          C. § 203); FAILURE TO PROVIDE ITEMIZED WAGE
            STATEMENTS (Cal. Labor C. § 226); UNFAIR, UNLAWFUL &
13          FRAUDULENT BUSINESS PRACTICES (Cal. Bus. & Prof. C.
            § 17200); AND INJUNCTIVE AND DECLARATORY RELIEF;
14          DEMAND FOR JURY TRIAL**

15     •    **CIVIL COVER SHEET**

16     •    **ALAMEDA SUPERIOR COURT ALTERNATIVE DISPUTE
            RESOLUTION INFORMATION PACKAGE**
17
       •    **NOTICE OF HEARING**
18
19     •    **NOTICE AND ACKNOWLEDGEMENT OF RECEIPT**

20 on the interested parties in this action by placing a true copy thereof enclosed in a sealed
   envelope addressed to each as follows:
21
   Joanna L. Brooks
22 Anne V. Leinfelder
   Tim Travelstead
23 Jackson Lewis LLP
   199 Fremont Street, 10th Floor
24 San Francisco, CA 94105

25 [X]  **BY MAIL:**  I am readily familiar with the business' practice for collection and
        processing of correspondence for mailing with the United States Postal Service.  I know
26      that the correspondence is deposited with the United States Postal Service on the same
        day this declaration was executed in the ordinary course of business.  I know that the
27      envelope was sealed and, with postage thereon fully prepaid, placed for collection and
        mailing on this date, following ordinary business practices, in the United States mail at
28      Mill Valley, California.

                                        1

                                                             PROOF OF SERVICE

1      Executed on June 10, 2008 at Mill Valley, CA.

2        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  I declare that I am employed in the office of a member of the bar

3  of this court at whose direction the service was made.

4

5                            _____

6                                  Moya B. Mulreany

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

*EXHIBIT 8*

1  JOANNA L. BROOKS (State Bar #182986)
   TIMOTHY C. TRAVELSTEAD (State Bar #215260)
2  DOUGLAS M. BRIA (State Bar #226966)
   JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, CA 94105
4  Telephone    415.394.9400
   Facsimile     415.394.9401
5
   Attorneys for Defendant
6  PEROT SYSTEMS CORPORATION

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF ALAMEDA – UNLIMITED JURISDICTION

10

11  ANGELITA GOMEZ, individually, and on        Case No. RG 08389410
    behalf of all others similarly situated,
12                                               **DEFENDANT'S ANSWER TO**
                        Plaintiff,               **PLAINTIFF'S UNVERIFIED CLASS**
13                                               **ACTION COMPLAINT**
                  v.
14
    PEROT SYSTEMS CORPORATION, a
15  Delaware Corporation; and DOES 1 to 50,
                                                 Complaint Filed:    May 27, 2008
16                      Defendants.               Trial Date:         None Set
17

18

19       Defendant PEROT SYSTEMS CORPORATION ("Defendant") hereby answers Plaintiff

20  ANGELITA GOMEZ' ("Plaintiff") unverified Class Action Complaint (the "Complaint").

21                              **GENERAL DENIAL**

22       Pursuant to Code of Civil Procedure section 431.30 subdivision (d), Defendant denies

23  each and every allegation contained in Plaintiff's unverified Complaint and denies that Plaintiff

24  was injured or damaged as alleged, or at all.

25                            **AFFIRMATIVE DEFENSES**

26       By way of affirmative defenses to the allegations of the Complaint herein, Defendant

27  alleges as follows:

28  ///

                                        1

ENDORSED
FILED
ALAMEDA COUNTY

JUL - 9 2008

CLERK OF THE SUPERIOR COURT
By ——— S. Halcrombe ———
                          Deputy

**First Affirmative Defense**
(Failure to State a Claim)

The Complaint, and all causes of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

**Second Affirmative Defense**
(Failure to Mitigate Damages)

Plaintiff is barred from recovering any damages for lost wages, or any recovery for lost wages must be reduced, if and to the extent that Plaintiff failed to exercise reasonable diligence to mitigate her alleged damages, if any.

**Third Affirmative Defense**
(Unclean Hands)

Plaintiff is barred from recovery under this Complaint if and to the extent that she comes to this Court with unclean hands.

**Fourth Affirmative Defense**
(Adequate Legal Remedies)

Any claim for equitable relief is barred, in whole or in part, to the extent Plaintiff has an adequate remedy at law.

**Fifth Affirmative Defense**
(Statute of Limitations)

The Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statutes of limitations, including without limitation Code of Civil Procedure section 338(a) or Code of Civil Procedure sections 340(a) and (b).

**Sixth Affirmative Defense**
(Statute of Limitations)

The Complaint's Fifth Cause of Action is barred in whole or in part by the applicable statute of limitations, including without limitation Business and Professions Code section 17208.

///

///

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT          Case No. RG 08389410

1

### Seventh Affirmative Defense
(Lack of Standing)

2

3    The Complaint, and all causes of action contained therein, is barred to the extent Plaintiff

4  lacks standing to bring the instant action on behalf of herself or other unnamed putative class

5  members.

6

### Eighth Affirmative Defense
(Waiver)

7

8    The Complaint, and each cause of action contained therein, is barred by the doctrine of

9  waiver.

10

### Ninth Affirmative Defense
(Good Faith)

11

12    To the extent Plaintiff seeks statutory penalties, such penalty must be barred or reduced to

13  the extent Defendant acted in good faith and non-willfully.

14

### Tenth Affirmative Defense
(Estoppel)

15

16    The Complaint, and each cause of action contained therein, is barred by the doctrine of

17  estoppel.

18

### Eleventh Affirmative Defense
(Laches)

19

20    The Complaint, and each cause of action contained therein, is barred by the doctrine of

21  laches.

22

### Twelfth Affirmative Defense
(Failure To Notify Labor and Workforce Development Agency)

23

24    Defendant alleges, on information and belief, that the Complaint's First, Second, Third,

25  and Fourth Causes of Action and any statutory penalties sought are barred to the extent Plaintiff

26  was required and failed to notify the Labor and Workforce Development Agency, as required

27  under Labor Code section 2699.3 subdivision (a)(1).

28  ///

3

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT          Case No. RG 08389410

**Thirteenth Affirmative Defense**

Any recovery on Plaintiff's Complaint for failure to pay wages is barred because Defendant complied with all applicable provisions of the California Labor Code, the applicable wage orders of the California Industrial Welfare Commission and federal law.

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by way of her Complaint;

2.    That the Complaint and each claim for relief be dismissed in its entirety with prejudice;

3.    That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4.    For costs of suit incurred herein, including reasonable attorney's fees, as and where permitted under California law; and

5.    For such other and further relief as the Court deems just and equitable.

Dated: July 8, 2008

JACKSON LEWIS LLP


By:    _JoAnna L. Brooks_
JoAnna L. Brooks
Timothy C. Travelstead
Douglas M. Bria
Attorney for Defendant
PEROT SYSTEMS CORPORATION,
a Delaware Corporation

4

**PROOF OF SERVICE**

I, Linda A. Moore, declare that I am employed with the law firm of Jackson Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

On July 9, 2008, I served the attached document(s):

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS-ACTION COMPLAINT**

in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed as follows:

Jonathan E. Gertler, Esq.
Joseph R. Igelmund, Esq.
Chavez & Gertler LLP
42 Miller Avenue
Mill Valley, CA 94941
Telephone:    415.381.5599
Facsimile:    415.381.5572

Todd M. Schneider, Esq.
Joshua G. Konecky, Esq.
Schneider & Wallace
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone:    415.421.7100
Facsimile:    415.421.7105

Ricardo De Rosa, Esq.
Law Offices of Ricardo De Rosa
6640 Brook Falls Circle
Stockton, CA 95219
Telephone:    209.345.7077
Facsimile:    209.476.0443

[ X ]    BY MAIL:  United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

[  ]    BY HAND DELIVERY: I caused such envelope(s) to be delivered by Messenger Service to the above address.

[  ]    BY OVERNIGHT DELIVERY: I caused such envelope(s) to be delivered to the above address within 24 hours by OVERNIGHT EXPRESS service.

[  ]    BY FACSIMILE:  I caused such documents to be transmitted by facsimile to the telephone number(s) indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 9, 2008 at San Francisco, California.

_____
LINDA A. MOORE

5

*EXHIBIT B*

1  JOANNA L. BROOKS (State Bar No. 182986)
   TIMOTHY C. TRAVELSTEAD (State Bar No. 215260)
2  DOUGLAS M. BRIA (State Bar No. 226966)
   JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, California 94105
4  Telephone:    415.394.9400
   Facsimile:    415.394.9401
5
   Attorneys for Defendant
6  PEROT SYSTEMS CORPORATION

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  COUNTY OF ALAMEDA – UNLIMITED JURISDICTION

10

11  ANGELITA GOMEZ, individually, and on        Case No. RG 08389410
    behalf of all others similarly situated,
12                                              **NOTICE TO ADVERSE PARTIES OF**
                    Plaintiff,                  **REMOVAL TO FEDERAL COURT**
13
            v.
14
    PEROT SYSTEMS CORPORATION, a
15  Delaware Corporation, and DOES 1 to 50,    Complaint Filed:    May 27, 2008
                                               Trial Date:        None Set
16                  Defendants.

17

18  **TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

19       PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the United

20  States District Court for the Northern District of California on July 10, 2008.  A copy of said

21  Notice of Removal is attached to this Notice, and is served and filed herewith.

22
    Dated:  July 10, 2008
23                                             JACKSON LEWIS LLP

24

25                                  By:   _____
                                          JoAnna L. Brooks
26                                        Timothy C. Travelstead
                                          Douglas M. Bria
27                                        Attorneys for Defendant
                                          PEROT SYSTEMS CORPORATION,
28                                        a Delaware Corporation

                                        1

1

**PROOF OF SERVICE**

2    I, Linda A. Moore, declare that I am employed with the law firm of Jackson Lewis LLP,

3    whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

4    age of eighteen (18) years and am not a party to this action.

5    On July 10, 2008, I served the attached document(s):

6    **NOTICE TO ADVERSE PARTIES OF REMOVAL TO**
     **FEDERAL COURT**

7

8    in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed

9    as follows:

10   Jonathan E. Gertler, Esq.                       Todd M. Schneider, Esq.

11   Joseph R. Igelmund, Esq.                        Christian Schreiber, Esq.
     Chavez & Gertler LLP                            Joshua G. Konecky, Esq.

12   42 Miller Avenue                                Schneider Wallace Cottrell Brayton
     Mill Valley, CA  94941                                 Konecky LLP

13   Telephone:     415.381.5599                     180 Montgomery Street, Suite 2000
     Facsimile:     415.381.5572                     San Francisco, CA  94104

14   **By Overnight Delivery**                       Telephone:     415.421.7100
                                                     Facsimile:     415.421.7105

15                                                   **By Overnight Delivery**

16   Ricardo De Rosa, Esq.

17   Law Offices of Ricardo De Rosa
     6640 Brook Falls Circle

18   Stockton, CA  95219
     Telephone:     209.345.7077

19   Facsimile:     209.476.0443

20   **By Overnight Delivery**

21   [ ]   BY MAIL:  United States Postal Service -  by placing sealed envelopes with the postage

22         thereon fully prepaid, placed for collection and mailing on this date, following ordinary
           business practices, in the United States mail at San Francisco, California.

23   [ ]   BY HAND DELIVERY:  I caused such envelope(s) to be delivered by Messenger Service

24         to the above address.

25   [X]   BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above
           address within 24 hours by OVERNIGHT EXPRESS service.

26   [ ]   BY FACSIMILE:  I caused such documents to be transmitted by facsimile to the

27         telephone number(s) indicated above.

28         I declare under penalty of perjury under the laws of the State of California that the above

2

1  is true and correct.

2       Executed on July 10, 2008, at San Francisco, California.

3

4                                        LINDA A. MOORE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3