1  CHAVEZ & GERTLER LLP
   JONATHAN E. GERTLER (Bar No. 111531)
2  DANIEL B. SIEGEL (Bar No. 160742)
3  LISA D. FIALCO (Bar No.216682)
   42 Miller Avenue, Mill Valley, CA 94941
4  Tel: (415) 381-5599 Fax: (415) 381-5572

5  SCHNEIDER WALLACE
   COTTRELL BRAYTON KONECKY LLP
6  TODD M. SCHNEIDER (Bar No. 158253)
7  JOSHUA G. KONECKY (Bar No. 182897)
   CHRISTIAN SCHREIBER (Bar No. 245597)
8  180 Montgomery Street, Suite 2000
   San Francisco, CA 94104
9  Tel: (415) 421-7100 Fax: (415) 421-7105

10 LAW OFFICES OF RICARDO DE ROSA
11 RICARDO DE ROSA (Bar No. 221226)
   6640 Brook Falls Circle
12 Stockton, California, 95219
   Tel: (209) 345-7077 Fax: (209) 476-0443
13
    Attorneys for Plaintiffs ANGELITA GOMEZ
14 And the Proposed Plaintiff Class

15                UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17

18

19 ANGELITA GOMEZ, individually, and on
   behalf of all others similarly situated,
20                                              DECLARATION OF CHRISTIAN
21              Plaintiff,                       SCHREIBER IN SUPPORT OF
                                                PLAINTIFF'S ADMINISTRATIVE
                                                MOTION TO CONSIDER WHETHER
22       vs.                                     CASES SHOULD BE RELATED

23 PEROT SYSTEMS CORPORATION, a
   Delaware Corporation; and DOES 1 to 50,     *Mancera v. Perot Systems Corporation*
24                                              Case No. CV 08-03064-MHP
25              Defendants.
                                                *Gomez v. Perot Systems Corporation*
26                                              Case No. CV 08-03337-SC

27

28
SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

I, Christian Schreiber, declare:

1.      The facts contained within this Declaration are within my own personal knowledge.  I could and would testify to those facts if called as a witness in this case.

2.      I submit this declaration in support of Plaintiff's Administrative Motion to Consider Whether Cases Should Be Related.

3.      Based on the facts alleged in the *Mancera* and *Gomez* Complaints, I have reason to believe that the underlying wage and hour disputes at issue in the cases of *Mancera v. Perot Systems Corp.*, CV 08-03064-MHP & *Gomez v. Perot Systems Corp.*, CV 08-03337-SC warrant this motion.

4.      I have attempted on numerous occasions to meet and confer with Frank Jelinch, counsel for Mr. Mancera, regarding this motion, but I have been unsuccessful.

5.      I have met and conferred with counsel for Defendant regarding this Motion, and Defendant's counsel has stated Defendant has no opposition to this Motion.  Defendant has previously attempted to relate the *Mancera* and *Gomez* matters to a third case, *Jimenez v. Perot Systems Corporation*, which was then the earliest-filed case in the Northern District.  However, Judge Chesney remanded *Jimenez* on July 28, 2008 and therefore denied Defendant's Motion the same day "in light of the remand of the earliest-filed action…"  A true and correct copy of Defendant's previous Administrative Motion is attached as Exhibit A.  A true and correct copy of Judge Chesney's Order denying Defendant's Administrative Motion is attached as Exhibit B.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.  Executed on August 1, 2008 in San Francisco, California.

Respectfully submitted,

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

_____/s/_____
Christian Schreiber
Attorneys for the Plaintiffs

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

DECLARATION OF CHRISTIAN SCHREIBER IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
*Mancera v. Perot Systems Corp.*, CV 08-03064-MHP & *Gomez v. Perot Systems Corp.*, CV 08-03337-SC
1

# **<u>Exhibit A</u>**

1   JOANNA L. BROOKS (State Bar #182986)
    TIMOTHY C. TRAVELSTEAD (State Bar #215260)
2   DOUGLAS M. BRIA (State Bar #226966)
    JACKSON LEWIS LLP
3   199 Fremont Street, 10th Floor
    San Francisco, CA 94105
4   Telephone    415.394.9400
    Facsimile:    415.394.9401
5   brooksj@jacksonlewis.com

6   Attorneys for Defendant
    PEROT SYSTEMS CORPORATION

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11  GLORIA JIMENEZ, individually, and on behalf    Case No.: CV 08-2607 MMC
    of all others similarly situated,
12                                                  DEFENDANT PEROT SYSTEMS
                      Plaintiff,                    CORPORATION'S ADMINISTRATIVE
13                                                  MOTION TO RELATE CASES
            v.
14                                                  Department:    7
    PEROT SYSTEMS CORPORATION, a                    Judge:         Hon. Maxine M. Chesney
15  Delaware Corporation; and DOES 1 to 50,
                                                    Complaint Filed: 7/12/07
16                    Defendants.
                                                    RELATED CASES:
17                                                  Mancera v. Perot Systems Corporation,
                                                    Case No. CV 08-03064-MHP
18                                                  Gomez v. Perot Systems Corporation,
                                                    Case No. CV 08-03337-SC
19
                                                    E-FILED
20
          NOTICE OF ADMINISTRATIVE MOTION TO RELATE CASES
21
              TO THE PARTIES AND COUNSEL OF RECORD:
22
          PLEASE TAKE NOTICE that Defendant Perot Systems Corporation ("Perot Systems")
23
    will move the Honorable Maxine M. Chesney, Judge of the United States District Court, Northern
24
    District of California, pursuant to Civil Local Rule 3-12(b), to determine whether this case should
25
    be related to *Mancera v. Perot Systems Corporation* (removed to this district on June 24, 2008
26
    and designated as Case No. CV 08 3064 MHP) and *Gomez v. Perot Systems Corporation*
27
    (removed to this district court on July 10, 2008 and designated as Case No. CV 08 03337 SC).
28
    Pursuant to Northern District Court Local Rule 7-11(b), any opposition to this administrative

                                          1

1  motion is due three days after this administrative motion is filed.  Under Local Rule 7-11(c),

2  unless otherwise ordered by the Court, this administrative motion will be deemed submitted for

3  immediate determination without hearing on the day after the opposition is due.

4      Plaintiff contests federal jurisdiction in the Jimenez case.  Plaintiff will stipulate to the

5  relation suggested herein only in the event that this Court retains jurisdiction in the Jimenez

6  matter after Plaintiff's Motion to Remand is decided.  Defendant believes the Jimenez action was

7  properly removed, and therefore believes there is no need to wait to relate the matters.

8      Because Jimenez and Gomez's counsel has not agreed to an unconditional stipulation to

9  the motion, Defendant submits this as an unstipulated administrative motion.

10 
11 
## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ADMINISTRATIVE MOTION TO RELATE CASES

12 

### I.  LEGAL STANDARD

13 
14  Under Civil Local Rule 3-12(a), an action is related to another when:

15      (1) The actions concern substantially the same parties, property,
          transaction or event; and

16 
17      (2) It appears likely that there will be an unduly burdensome
          duplication of labor and expense or conflicting results if the
          cases are conducted before different Judges.

18 

### II.  STATEMENT OF FACTS

19 

#### The Jimenez Complaint

20 

21      On July 12, 2007, Plaintiff Gloria Jimenez, on behalf of herself and a putative class, filed

22  a class action complaint in Alameda County Superior Court, Case No. RC 07-335321 (the

23  "Jimenez Action").  The Jimenez Action alleges Perot Systems: (i) failed to pay overtime;

24  (ii) failed to pay accrued vacation to departing employees; (iii) failed to provide itemized wage

25  statements; and (iv) engaged in unlawful business practices.  The complaint seeks injunctive and

26  declaratory relief.  (Declaration of Timothy C. Travelstead ("Travelstead Dec.") ¶ 3, Ex. A.)  The

27  complaint seeks to certify a class that includes "all current and former Data Center

28  Operations/Technicians and other non-exempt employees of Perot Systems Corporation in

1   California, who at any time in the four years preceding the filing of this action" worked an

2   alternate work schedule or who received certain shift differential or "Benefit Bridge" payments

3   Plaintiff alleges were improperly excluded from the calculation of overtime.

4          On July 16, 2007, Plaintiff served Perot Systems with the Summons and Complaint. (Id.)

5   On May 23, 2008, Perot Systems removed the action to the Northern District of California,

6   pursuant to 28 U.S.C. sections 1332 (as amended by the Class Action Fairness Act of 2005, Pub.

7   L. 109-2, section 4(a) ("CAFA")), 1441(a) and (b) and 1446. (Travelstead Dec., ¶ 4, Ex. B.) On

8   June 18, 2008, Jimenez moved this Court to remand the action. The remand motion is currently

9   pending before the Court.

10

11                          **The Mancera Complaint**

12         On April 29, 2008, Raul Mancera filed a complaint in the Santa Cruz County Superior

13  Court, designated as Case No. CV160155 (the "Mancera Action"). The Mancera Action alleges

14  Perot Systems: (i) failed to pay wages; (ii) failed to pay overtime; (iii) owes waiting time

15  penalties; and (iv) retaliated against Mr. Mancera when he raised an issue about unpaid wages.

16  (Travelstead Dec., ¶ 5, Ex. C.)  Mr. Mancera received "Benefit Bridge" payments and therefore is

17  likely a putative class member in the Jimenez Action. (Id.)

18         On May 27, 2008, Mancera served Perot Systems with the Summons and Complaint. (Id.)

19  On June 24, 2008, Perot Systems removed the action to the Northern District of California,

20  pursuant to 28 U.S.C. sections 1332, 1441, and 1446. (Travelstead Dec. ¶ 6, Ex. D.)

21

22                           **The Gomez Complaint**

23         On May 27, 2008, Angelita Gomez, on behalf of herself and a putative class, filed a class

24  action complaint in Alameda County Superior Court, designated as Case No. RG 08389410 (the

25  "Gomez Action"). The Gomez Action alleges Perot Systems: (i) failed to pay wages; (ii) failed to

26  pay overtime; (iii) owes waiting time penalties; (iv) failed to provide itemized wage statements;

27  and (v) engaged in unlawful business practices. The complaint seeks injunctive and declaratory

28  relief. (Travelstead Dec., ¶ 7, Ex. E.) The complaint seeks to certify a class of "all current and

3

1  former employees of Perot Systems in California who worked on-call time at any time in the four

2  years preceding the filing of this action." (Id.)

3        On June 13, 2008, Gomez served Perot Systems with the Summons and Complaint.  The

4  plaintiff in the Gomez Action is represented by the same counsel as the Plaintiff in the Jimenez

5  Action.  (Id.)  On July 10, 2008, Perot Systems removed the Gomez Action to the Northern

6  District of California, pursuant to 28 U.S.C. sections 1332 (as amended by the Class Action

7  Fairness Act of 2005, Pub. L. 109-2, section 4(a) ("CAFA")), 1441(a) and (b) and 1446.

8  (Travelstead Dec., ¶ 8, Ex. F.)

9

10

11  **III.  DISCUSSION**

12  <u>**Relatedness Of Actions**</u>

13        11.  The Jimenez Complaint, Mancera Complaint, and Gomez Complaint concern

14  substantially the same parties, property, transactions or events as follows:

15      i.  Each action alleges wage and hour violations under the California Labor
   Code, including claims for wages, overtime, and waiting-time penalties;

16

17      ii.  Perot Systems is the only named Defendant in each action;

18      iii.  The putative classes of the Jimenez Action and the Gomez Action
   substantially overlap.  The class periods have more than three years of

19  overlap, and any putative class member in the Gomez Action who worked
   an alternate work schedule, received a shift differential payment, or

20  received a "Benefit Bridge" payment would also be a member of the
   Jimenez Action's putative class.

21      iv.  All three actions seek recovery for unpaid wages owed and waiting-time
   penalties; and

22

23      iv.  The plaintiff in the Mancera Action is likely a putative class member of
   the Jimenez Action.

24        Litigating these three cases before different Judges would lead to an unnecessary

25  duplication of effort, would unduly burden the parties and the Court, and would create a risk of

26  inconsistent rulings.  *McGee v. Ross Stores, Inc.*, 2007 U.S. Dist. LEXIS 76479 (N.D. Cal. 2007)

27  (two overlapping class actions involving the same defendant and substantially the same claim

28  ordered related).

4

1       Here, as in *McGee*, the cases involve a single named defendant, Perot Systems. They

2  involve the same legal and factual issues, whether Perot Systems properly paid wages and

3  overtime to its employees under California law.  And they all seek payment of wages due and

4  waiting-time penalties.  The Jimenez and Gomez Actions also both seek declaratory and

5  injunctive relief.  As in *McGee*, the putative classes largely overlap, as both the Jimenez and

6  Gomez Actions seek damages for allegedly unpaid wages, including overtime claims for more

7  than three overlapping years.

8       For these reasons, separate assignment raises would lead to an unnecessary duplication of

9  effort, would unduly burden the parties and the Court, and would create a risk of inconsistent

10  rulings.

11

12                   **Stipulation Of The Parties**

13       Plaintiff Mancera stipulates to the relation of the cases. (Travelstead Dec., ¶ 8.)  Plaintiff

14  in the Jimenez Action has contested federal jurisdiction.  Plaintiff therefore has indicated she will

15  stipulate to the relation suggested herein only in the event that this Court retains jurisdiction in the

16  Jimenez matter after Plaintiff's Motion to Remand is decided.  Because Jimenez and Gomez's

17  counsel has not agreed to an unconditional stipulation to the motion, Defendant submits this as an

18  unstipulated administrative motion.  (Travelstead Dec., ¶ 9, Ex. G.)

19       **WHEREFORE**, the Defendant respectfully requests that the Court issue an order

20  determining that the Jimenez Action, Mancera Action, and Gomez Action are related.

21  Dated:  July 22, 2008

                             JACKSON LEWIS LLP

22

23                            By:

24                               JoAnna L. Brooks

                               Timothy C. Travelstead

25                               Douglas M. Bria

                               Attorney for Defendant

26                               PEROT SYSTEMS CORPORATION,

                               a Delaware Corporation

27

28

# **<u>Exhibit B</u>**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

**RELATED CASE ORDER**

An Order of Referral and an Administrative Motion to Relate Cases have been filed requesting the undersigned determine whether the following cases are related within the meaning of Civil L.R. 3-12(a):

| | |
|---|---|
| **C 08-2607 MMC** | **Jimenez v. Perot Systems Corp.** |
| **C 08-3064 RS** | **Mancera v. Perot Systems Corp.** |
| **C 08-3337 SC** | **Gomez v. Perot Systems Corp.** |

**ORDER**

On the basis of the material submitted to the Court, as the Judge assigned to the earliest-filed case, I find that the later-filed cases:

[ X ] **ARE NOT RELATED** to the earliest-filed case as defined by Civil L.R. 3-12(a).  In particular, in light of the remand of the earliest-filed action, it does not appear likely there will be a duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

[   ] **ARE RELATED** as defined by Civil L.R. 3-12(a).

**DATED**: July 28, 2008

_____
MAXINE M. CHESNEY
United States District Judge