CHAVEZ & GERTLER LLP
JONATHAN E. GERTLER (Bar No. 111531)
jon@chavezgertler.com
CHRISTIAN SCHREIBER (Bar No. 245597)
Christian@chavezgertler.com
42 Miller Avenue, Mill Valley, CA  94941
Tel:  (415) 381-5599  Fax:   (415) 381-5572

SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY LLP
TODD M. SCHNEIDER (Bar No. 158253)
tschneider@schneiderwallace.com
JOSHUA G. KONECKY (Bar No. 182897)
jkonecky@schneiderwallace.com
LISA M. BOWMAN (Bar No. 253843)
lbowman@schneiderwallace.com
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 421-7100  Fax:  (415) 421-7105

Attorneys for Plaintiff ANGELITA GOMEZ and the Plaintiff Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGELITA GOMEZ,<br><br>         Plaintiff,<br><br>    v.<br><br>PEROT SYSTEMS CORPORATION, a Delaware Corporation; and DOES 1 to 50, inclusive<br><br>         Defendants. | Case No. CV-08-03337 SC<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT AND AWARDING ATTORNEYS' FEES AND EXPENSES**<br><br>Date: January 7, 2011<br>Location:  Courtroom 1<br>Time:  10:00 a.m.<br><br><br>The Honorable Samuel Conti |

The motions of Plaintiff Angelita Gomez for Final Approval of Class Action Settlement and for an Award of Attorneys' Fees, Costs and Expenses came on regularly for hearing as scheduled on January 7, 2011, at which time the parties and any other interested persons were afforded the opportunity to be heard in support of and in opposition to the motions. On October 8, 2010, Plaintiff filed her Motion for Reasonable Attorneys' Fees, pursuant to Fed. R. Civ. P. 23(h). By Order dated September 20, 2010, this Court preliminarily approved the settlement, certified a class for settlement purposes only, approved the proposed form of notice, and ordered that notice be given. Following a nationwide address check, notice of the Settlement was sent to all potential members of the Settlement Class by first class mail at their last known address. The deadline for members of the settlement class to request exclusion or object has passed. No class member has objected to the Settlement or the request for attorneys' fees. Having read and considered all papers provided, as well as the arguments of counsel, THE COURT HEREBY GRANTS THE MOTIONS AND ORDERS, ADJUDGES AND DECREES AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of this action and over all parties hereto, including the members of the Settlement Class

2. The Court certifies the following Settlement Class:

> All California non-exempt employees of Perot Systems Corporation who held an on-call position and received one or more pages at any time from May 27, 2004, through September 20, 2010.

3. The Court finds that the Settlement Class meets the requirements necessary for class certification under Fed. R. Civ. P. 23(a):

   (a) The Class includes over 2,100 individuals and is so numerous that joinder of all members is impracticable;

   (b) There are questions of law and fact common to the Class;

   (c) The claims of Representative Plaintiff Angelita Gomez are typical of the claims of the Class; and

1

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT
*Gomez v. Perot Systems Corp.*, Case No. CV-08-03337 SC

(d) The Representative Plaintiff will fairly and adequately protect the interests of the Class; counsel for Plaintiff will also adequately represent the interests of the Class.

4. The Court finds that the Settlement Class meets the requirements for certification as a class under Fed. R. Civ. P. 23(b)(3), in that questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

5. The Settlement Agreement was reached through arms-length, adversary bargaining between the parties. There has been no collusion between the parties in reaching the settlement.

6. Before entering into the settlement, the parties engaged in sufficient investigation and discovery regarding the claims plaintiff alleged to allow counsel to act knowledgeably in negotiating the settlement and to allow the Court to act intelligently in weighing its fairness.

7. Angelita Gomez is an adequate class representative and has fulfilled her obligations to the Court and to the Class.

8. Attorneys acting on behalf of the class, including Jonathan Gertler and Christian Schreiber of Chavez & Gertler LLP, and Joshua Konecky and Lisa Bowman of Schneider Wallace Cottrell Brayton Konecky LLP, have the experience and qualifications necessary to represent the class. At all times, including during negotiation of the Settlement Agreement, they have fairly and adequately protected the interests of the Class. The Court appoints those firms and attorneys as Class Counsel, and concludes that they have authority to take all appropriate actions in connection with the implementation and administration of the Settlement.

9. The Settlement Agreement executed by the parties provides substantial benefits to the Class Members in the form of monetary relief for back wages, penalties and interest for alleged violations of the California Labor Code and the Unfair Competition Law, Cal. Bus & Prof. C. § 17200, *et seq*. The Settlement is finally approved as fair, reasonable and adequate.

10. The members of the Settlement Class have been provided with adequate notice of the settlement terms. The notice given to the members of the Settlement Class disclosed the terms and effect of the Settlement, was the best notice practicable under the circumstances, and was

reasonably calculated to communicate actual notice of the litigation and the proposed settlement to class members, and otherwise met the requirements of all applicable laws.

11. Class members were given an adequate opportunity to opt out of this action. There were no objections to the Settlement and just seven members of the Class requested exclusion. Those individuals are listed on Exhibit A hereto.

12. The Settlement Agreement is hereby approved as fair, reasonable and adequate. The Court orders the parties to perform their obligations pursuant to the Settlement Agreement and this Final Approval Order.

13. Class Representative Angelita Gomez is appointed as the Representative of the Class and granted a service award in the amount of $10,000, to be paid from the proceeds of the Gross Settlement Fund in accordance with the terms of the Settlement Agreement.

14. Rust Consulting, the Claims Administrator appointed by the Court in its preliminary approval Order, has submitted testimony attesting to the cost of administration of the notice and claims process in this case. The Court preliminarily approved estimated costs in the amount of $49,000. Stacy Roe of Rust Consulting submitted a declaration in which she testifies that the cost of the Claims Administration process was $35,670. The Court hereby approves payment in that amount to be made from the Gross Settlement Fund pursuant to the terms of the Settlement Agreement.

15. The Court has reviewed the separate Motion for Award of Reasonable Attorneys' Fees, and the Declarations of Jonathan Gertler and Joshua Konecky in support of Plaintiff's request for an award of attorneys' fees, costs and expenses, and the time records exhibited thereto. The Court finds that Class Counsel's out of pocket costs and expenses are fair and reasonable and were necessary to the prosecution of this action. The Court therefore awards Class Counsel $37,023.07 in actual costs to be paid from the Gross Settlement Fund pursuant to the terms of the Settlement Agreement.

16. While the Settlement Agreement provides that Class Counsel may seek up to one-third of the Gross Settlement Fund without objection by Defendant, Plaintiff has sought only 25% of the fund recovery in this case—the Ninth Circuit benchmark. The Court finds that this amount

is reasonable and appropriate given the quality of work and the results achieved.  This amount is also reasonable when cross-checked against Class Counsel's lodestar.  The Court finds that the time spent by counsel on this case was reasonable given the work involved and the nature of the case, and that the hourly rates claimed by Class Counsel are reasonable and commensurate with prevailing market rates for the legal services of attorneys with similar qualifications, skills and experience in the San Francisco Bay Area.  Class Counsel are awarded $750,000 as attorneys' fees.  This amount shall be paid from the Gross Settlement Fund pursuant to the terms of the Settlement Agreement, and Defendants shall pay such award according to the instruction of class counsel within the time set forth in the Settlement Agreement.

17. The Court shall and hereby does retain jurisdiction over the interpretation, implementation, and enforcement of the Settlement Agreement, this Final Settlement Approval Order, and the Judgment.

18. The Clerk is directed to enter Judgment based on this Final Settlement Approval Order, and to dismiss this action with prejudice, forthwith.

IT IS SO ORDERED.

DATED:    January 7, 2011            _____
                                       THE HONORABLE SAMUEL CONTI
                                       United States District Court Judge

**EXHIBIT A**

**Class Members who have requested exclusion:**

1. Lorren Carr
2. Jack Jolly
3. John Murray
4. Robert Parsons
5. Christel Reagan
6. Ken A. Sly
7. John Thomas Wilson