IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELITA GOMEZ, ) | Case No. 08-3337 SC |
| ) | |
| Plaintiff, ) | ORDER RE: PROPOSED CY PRES |
| ) | SETTLEMENT DISTRIBUTION |
| v. ) | |
| ) | |
| PEROT SYSTEMS CORPORATION, a ) | |
| Delaware Corporation; and DOES 1 ) | |
| to 50, inclusive, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

On June 15, 2011, the parties filed a stipulation in which they sought an order distributing the residue of the settlement fund to cy pres beneficiaries San Francisco Legal Aid Society and Arriba Juntos. ECF No. 68. The parties alleged that 1,301 settlement award checks totaling $2,103,289.26 had been mailed to class members, and that all but 72 of the checks had been cashed, leaving an expected residue of $114,631.63. Id. The parties also alleged that $23,207.27 of the residue is not immediately available, and will only be available "within the next 18 months from the return of employee- and employer-paid taxes already paid to the taxing authorities." Id. The Court deferred ruling on the stipulation until the parties provided the Court with an estimate of the effect of administration costs on a secondary distribution.

ECF No 69. In response, Plaintiff filed the declaration of Stacy Roe ("Roe"), senior project administrator for Rust Consulting, Inc. ("Rust"), the settlement administrator. ECF No. 70. Roe estimates the cost of administering a second distribution to be $19,782, and that a second distribution based on a pro-rated share of the Settlement Fund would yield gross payments to class members ranging from $13.27 to $1,551.88. Id. ¶¶ 6, 10.

In light of the information provided in the Roe Declaration, the Court ORDERS as follows. The Settlement Administrator shall perform an immediate second distribution of the current residue in the Settlement Fund to class, with the distributions to each class member pro-rated in the same manner as the first distribution. Rust shall not exceed its estimated $19,782 in administration costs without approval of the Court. As with the first distribution, settlement checks shall be valid for 120 days. On January 22, 2012, the parties shall file a declaration updating the Court as to whether the expected $23,207.27 has been returned from the taxing authorities and whether there is any additional residue due to uncashed second-distribution checks. The parties shall make a recommendation to the Court as to whether a third distribution to the class should be conducted or whether the residue should be distributed to cy pres beneficiaries San Francisco Legal Aid Society and Arriba Juntos.

IT IS SO ORDERED.

Dated: July 22, 2011

_____
UNITED STATES DISTRICT JUDGE